BENTLEY TAYLOR, Respondent, v. GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF NORTH DAKOTA, a Corporation, and E. J. Moore, Its Grand Recorder, Defendants, MARGARET JANE DAVIS, Appellant.

(178 N. W. 130.)

**Insurance — equity may regard all acts necessary to be done to change beneficiary as done.**

1. Where the constitution, by-laws, or regulations of a fraternal order which issues benefit certificates providing for the payment of death benefits at the death of the member, prescribe the acts to be done, at the will of and by the insured, to effect a change of beneficiary, and the insured has done some of the acts to effect such change, but dies before the change is fully completed, and it is equitable to regard all he should have done to complete the change of beneficiary as done, a court of equity will so regard it, and give effect to his intentions to change the beneficiary, notwithstanding the acts done by the insured were not a full compliance with the requirements of the constitution, by-laws, etc.

**Equity — equity regards as done all acts necessary to effect manifest intention.**

2. Where it is plain that the insured has done all that he could do to effect the change of beneficiary in a fraternal benefit certificate, and unforeseen and unavoidable conditions and circumstances prevent the completion thereof, and, in equity and good conscience, the change should be effected to carry out the intentions of the insured, a court of equity will regard that as done which ought to be done.

Opinion filed May 12, 1920.   Rehearing denied June 4, 1920.

---

NOTE.—For cases holding that where the intention of a member of a benefit society to make a change in beneficiaries was clearly shown, and he had done all that was within his power to carry out his intention, the fact that death intervened before he could conform to the rules of the association and express that intention formally should not, and would not, prevent a court of equity from enforcing that intent and making it effective, see notes in 34 L.R.A. (N.S.) 277, and L.R.A.1915A, 580, on effect of death of assured before contemplated change of beneficiary is complete.

Appeal from a judgment of the District Court of Cass County, Honorable *A. T. Cole,* Judge.

Judgment affirmed.

*Fowler & Green,* for appellant.

A gift by a donor who is ignorant of the fact that he is giving cannot be sustained by a court. A. O. U. W. v. Gandy (N. J. L.) 53 Atl. 146.

Insured had no interest at all capable of being transferred by gift or assignment to respondent.

This is also the clear voice of authority. M. W. A. v. Headle (Vt.) L.R.A.1915A, 586; Holland v. Taylor, 111 Ind. 121, 12 N. E. 116; Fink v. Fink, 171 N. Y. 616, 64 N. E. 508; Ireland v. Ireland, 42 Hun, 212.

The member could not change the beneficiary by will, because the by-laws did not so provide, and the method prescribed by them was exclusive. Flowers v. Lodge (Tex.) 90 S. W. 526.

It is well settled that where the by-laws or Constitution of a mutual benefit society provide a method of making a change of beneficiary, a member in making a change must follow the method designated. 19 R. C. L. § 90, and cases cited in note 14; Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61; McCarthy v. Lodge (Mass.) 26 N. E. 866; Fink v. Fink (N. Y.) 64 N. E. 506; Flowers v. Lodge (Tex.) 90 S. W. 526.

The constitution, laws, and rules of the defendant lodge, relative to change of beneficiary, are not directory merely, but, on the contrary, they are mandatory and are made and intended for the benefit and protection of the lodge, the member, and the beneficiary. Fink v. Fink (N. Y.) 64 N. E. 508; M. W. A. v. Headle, L.R.A.1915A, p. 589; M. W. A. v. Little (Iowa) 86 N. W. 216; Knights of Honor v. Narin (Mich.) 26 N. W. 826; A. O. U. W. v. Fisk (Mich.) 85 N. W. 875; Berg v. Damkoehler (Wis.) 88 N. W. 606; A. O. of Gleaners v. Burg (Mich.) 130 N. W. 191.

*Flynn, Traynor, & Traynor,* for respondent.

"A policy of insurance upon life or health may pass by transfer, will, or succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered." Comp. Laws 1913, § 6629; 29 Cyc. 133.

Was the act or acts on the part of the decedent, the insured, suf-

ficient to clearly establish his intent, purpose, and will? And, if so, it is the duty of the court to make that intent, purpose, and will effectual by and through its order. Ladies of Modern Maccabees v. Daley (Mich.) 131 N. W. 1127; Standard Life & Acci. Ins. Co. v. Cattin (Mich.) 63 N. W. 897; Grand Lodge, A. O. U. W. v. Beath, 114 N. W. 662; Great Camp Knights of Modern Maccabees v. Deem (Mich.) 107 N. W. 447; Titsworth v. Titsworth (Kan.) 20 Pac. 213; Noble v. Police Beneficiary Asso. (Pa.) 132 Am. St. Rep. 783, 73 Atl. 336; Fischer v. Malchow (Minn.) 101 N. W. 602; Supreme Council, R. A. v. Behrend (U. S.) 62 L. ed. 1182; Wandell v. Mystic Toilers (Iowa) 105 N. W. 448; National Amc. Assn. v. Kidgin, 28 Mo. App. 80; Walsh v. Sovereign Camp, W. E. (Mo.) 127 S. W. 645.

"The whole matter seems to be rather a question of equity, and the stronger and better equity must prevail." Grand Lodge, A. O. U. W. v. Noll (Mich.) 51 N. W. 268; Konigstein v. Finke (Neb.) 163 N. W. 758; Grand Lodge, A. O. U. W. v. Child (Mich.) 38 N. W. 1.

Equity will consider that done which ought to have been done. Justice alone can be considered in a court of chancery, and technicalities never be tolerated except to obtain and not to destroy it, and the greater equity should always be allowed to prevail. Martin v. Stubbings (Ill.) 18 N. E. 657; Grand Lodge, A. O. U. W. v. Kohler (Mich.) 63 N. W. 897; Lahey v. Lahey (N. Y.) 66 N. E. 670.

The proceeds of a certificate of the insured in a mutual benefit insurance association may be disposed of by will. Brinsmaid v. Traveling Men's Asso. (Iowa) 132 N. W. 34; Chistenson v. Mystic Shrine (S. D.) 156 N. W. 581; Supreme Council v. Priest (Mich.) 9 N. W. 481; Hall v. Allen, 75 Miss. 175, 65 Am. St. Rep. 601, 22 So. 4.

In a majority of jurisdictions a parol gift of an insurance policy, accompanied by a delivery of the policy, is sufficient to constitute a valid gift *inter vivos,* and no written assignment thereof is necessary. There must, however, be either a delivery of the policy or a duly executed assignment thereof, to perfect the gift. 20 Cyc. 1203; Gledhill v. McCoombs (Me.) 45 L.R.A.(N.S.) 26, 86 Atl. 274; 17 Halsbury, 558; Knowles v. Knowles (Mass.) 91 N. E. 213; Richmond v. Johnston (Minn.) 10 N. W. 596; Bacon, Ben. Soc. & Life Ins. p. 721 § 296.

GRACE, J.   This action is one by the plaintiff, claiming, as beneficiary, to recover the amount of a certain beneficiary certificate issued by the defendant to Robert Ryan.

The material facts in the case are substantially as follows:   On the 18th day of February, 1909, the defendant, through its local lodge at Minnewaukan, North Dakota, issued to Robert Ryan, its benefit certificate No. 4140, in the sum of $2,000.

In the certificate, when issued, Maggie Ryan, now Margaret Jane Davis, the appellant, was named as the sole beneficiary, and she now claims the proceeds thereof.   Until Sunday, January 26, 1919, the certificate remained in the possession of Robert Ryan.

On the date last mentioned, and for sometime prior thereto, he was sick at a hospital in Devils Lake.   At his request, the respondent had come to Devils Lake some days prior to the above date.

On the 25th day of January Edward Flynn, an attorney, at the request of plaintiff, prepared a will, which was signed by Ryan.

On January 26th, Flynn took the will to the hospital and read it to Ryan, who objected to the portion of the will which provided that the proceeds of the insurance certificate become a part of his estate, and stated that he desired the insurance to go to the plaintiff.

A new will was prepared, in which the insurance was not mentioned, and it was signed by Mr. Ryan.   The plaintiff was not mentioned in the will.

It clearly appears from the testimony, that plaintiff did not wish to be mentioned in the will, and that he was not seeking, in any manner, to get any of Mr. Ryan's property.   He acted, at all times, in the highest of good faith, and, at no time, used any influence to procure Mr. Ryan to will, or otherwise transfer, to him, any of his property; he was, in fact, reluctant to receive any of it.

The designation of the plaintiff as beneficiary was wholly and entirely the act of Ryan, who, at that time, was in possession of his mental faculties, which were, as the evidence shows, unimpaired.

On the back of the certificate there is printed, in a blank, a request for change of beneficiary.   This, Flynn filled in, the plaintiff being designated beneficiary therein, and Ryan signed it on January 26th, in the presence of Flynn and one Breah and one Harriman, and the certificate, together with the will as revised, delivered to plaintiff.

At the time deceased executed the request for change of beneficiary, he was friendly to the plaintiff, and desired him to have the insurance.

On the afternoon of January 27th, Mr. Ryan died, and about eighteen days after his death, the certificate was presented, by plaintiff, to the local recorder, at Minnewaukan, and he affixed his signature and the seal of the local lodge to the request for the change of beneficiary, upon the back of the certificate.

The certificate was then, by the plaintiff, presented to the grand recorder, at Fargo, and payment thereon demanded; it was refused.

The application upon which the certificate was issued, as is usually the case in this class of insurace, provided that the rights of the insured, and the rights of the beneficiary, should, at all times, be subject to all laws, rules, and regulations of the order, as they then existed, or as might thereafter be adopted.

The defendant has brought the proceeds of the certificate into court, and is willing to turn it over to the beneficiary lawfully entitled to receive the same. The predominant issue in the case is which of the two is the rightful and lawful beneficiary, and entitled to receive the proceeds of the insurance policy.

The regulations of the lodge or order governing change of beneficiary read thus: "Any member desiring to change his beneficiary may do so in the following manner: *viz.*, he shall fill out the blank form on the back of his beneficiary certificate authorizing the change; he shall have his signature attested by the recorder of his lodge, and the seal of the lodge attached thereto, or attested by a civil officer having a seal, under his official seal, if such member cannot sign in the presence of the lodge recorder. When this is done, he shall deliver his beneficiary certificate to the recorder of his lodge, together with a fee of 50 cents. The recorder shall forward the said certificate and fee to the grand recorder, who shall make a record of the change on the books of the grand lodge, and shall issue a new certificate in lieu thereof, payable as directed on the back of the surrendered certificate. The new certificate shall bear the same number as the old one, which shall be safely filed and preserved."

It will be observed that the principal requirements of the regulation of the order providing for change of beneficiary are three; namely, that the insured fill out and sign the blank form on the back of the cer-

tificate, authorizing the change; second, that the signature be attested by the recorder of his lodge, and the lodge seal affixed, or attested, by a Civil officer having a seal, when the insured is unable to sign in the presence of the local lodge recorder; third, the delivery of the beneficiary certificate, with the attached request for such change, to the recorder of the local lodge, with a fee of 50 cents.

These are all the things required of him.

The forwarding of the certificate, with the fee, to the grand recorder, the making of a record of the change, on the books of the grand lodge, and the issue of a new certificate in lieu of the old certificate, are, respectively, duties exclusively belonging to the local and grand recorder, over which the insured has no control; and his acts, with reference to effecting a change of beneficiary in the certificate, should not be affected by the failure of either the local or grand recorder to perform the duties required of them by such regulation. We need give no further attention to the duties required of the local or grand recorder, but may proceed to the consideration of the requirements contained in the regulation, which relate to the acts to be done by the insured to accomplish a change of beneficiary.

There are numerous decisions of many courts, state and otherwise, which, in substance, hold that, where the by-laws or constitution of a mutual benefit society provide a method of making a change of beneficiary, that method must be pursued by a member making such change or designation. Thomas v. Thomas, 131 N. Y. 205, 27 Am. St. Rep. 582, 30 N. E. 61; McCarty v. Supreme Lodge O. P. 153 Mass. 314, 11 L.R.A. 144, 25 Am. St. Rep. 637, 26 N. E. 866; Fink v. Fink, 171 N. Y. 616, 64 N. E. 506; Flowers v. Sovereign Camp, W. W. 40 Tex. Civ. App. 593, 90 S. W. 526; Modern Woodmen v. Headle, 88 Vt. 37, L.R.A.1915A, 856, 90 Atl. 893; Grand Lodge, A. O. U. W. v. Gandy, 63 N. J. Eq. 692, 53 Atl. 145.

Appellant has cited these and many other cases, which largely sustain his contention in the principle we are discussing. The rule, as thus contended for by appellant, may be said, in a large measure, to be the general rule. To this general rule, however, there are some well-defined exceptions, which we will later analyze.

Before doing so, however, we think it would not be amiss to discuss, briefly, some of the aspects of the general rule. We are inclined to be-

lieve, even in the absence of any equities of the case which may appeal to the conscience of the court, that a substantial compliance with the requirements, similar to those above mentioned, is all that should, in a court of law, be required.. Hence, if a member desiring a change of beneficiary, instead of filling out the blank on the back of the certificate, as required by the regulation of the lodge, should make it by a separate instrument, which would, in substance, comply with the requirements of such regulation, it would seem that would be sufficient compliance with that regulation.

It would seem, further, that, if proof of his signature were made by witnesses who subscribed their names to such change of beneficiary as such, that would be a substantial compliance with the requirements, that the instrument providing for change of beneficiary be acknowledged before the recorder of the local lodge, or a civil officer with the seal; for the only effect of the signing of the same before the recorder of the local lodge, or a civil officer, is to give proof of the execution of the instrument by which the change of beneficiary is effected, and it would seem that such proof would be just as clear and unimpeachable if made by the testimony of subscribing witnesses who, under oath, testified that such change of beneficiary, either a required to be made on the back of the certificate or in a separate instrument, was made, in their presence, by the insured.

It would seem that the truth of the making and execution of the instrument designating the change of beneficiary is that which is sought to be proved, and as high a degree of proof may be afforded by subscribing competent witnesses, as by the certificate of a civil officer, under his seal, or that of the recorder of the local lodge to which its seal is attached.

The instrument in question, that is, the change of beneficiary, is not ᵕᵘch as is required by the laws of the state to be under seal, and, in the absence of fraud, and where there are no equitable considerations presented in the case, which would, or ought to, prevent the application of such a rule, it would seem a substantial compliance with the requirements of the regulations is all that ought to be required.

If it should be conceded, however, that the general rule is as appellant contends, and that a strict construction should be given to the regulation of the order above set forth, it nevertheless is true that there are

several well-defined exceptions to the general rule, three of which are set forth in 29 Cyc. p. 133, and are as follows:

(1) Where the society has waived compliance with its regulations, or estopped itself to assert noncompliance therewith.

(2) Where it is beyond the power of the member to comply, literally, with the regulations, as where the rules require a surrender of the original certificate, and it is impossible for the member to surrender it.

(3) Where the member has done all that he is required to do, and only formal and ministerial acts, on the part of the society, remain to be done, in order to complete the change, and the member dies before the performance thereof.

The same exceptions, in substance, are recognized in the case of Conclave v. Capella, 41 Fed. 1.

These exceptions represent the exercise of the powers of a court of equity, to minimize the harshness of the rule of law, which, perhaps, would otherwise be applicable.

The court, in that case, did well to exercise its powers of equity, and, in setting forth such exceptions, it did not exhaust its equitable powers, nor, perhaps, did it exhaust all the exceptions, nor did it define limitations beyond which no other court of equity may go.

We think, in addition to those three exceptions, a court of equity has the power to say, in a case such as this, that, where the insured has done all in his power, in accordance with the regulations of the order, to designate a change of beneficiary, and through unavoidable circumstances and conditions he is unable to complete the designation, in accordance with the rules, as in this case, by death, and in equity and good conscience such change ought to be regarded as completed, that a court of equity ought to regard that as done which ought to have been done.

Mr. Ryan died in the afternoon of the day following his execution of the instrument designating a new beneficiary. It is plain, and the evidence shows, it would have been impossible for him to have appeared before the recorder of the local lodge to have acknowledged it.

If he had mailed it to him, it might have reached him in time, but this is also exceedingly doubtful. He might have acknowledged it before a civil officer authorized to take acknowledgments, but this evidently was not known to Mr. Ryan, or if so, in his extremity, it was over-

looked; and he, no doubt, relied upon the ability of Mr. Flynn, his attorney, to have the change of beneficiary made in a proper and legal manner; and in the face of this fact, and that the same was signed by three witnesses, it was sufficient to make him feel secure that he had properly and legally made the change of beneficiary.

On the back of the certificate, just over the blank provided for use in effecting a change of beneficiary, is the following: "Change of Beneficiary. Note. When a member wishes to change the designation of his beneficiary (or beneficiaries), the following blank must be filled out, and the signature attested, under seal of the lodge, by the recorder, who sends the certificate, together with the required fee, to the grand recorder, who issues a new one containing the change desired."

It will be seen that no provision is made in the notice that the signature might be attested before a civil officer; neither does it require the insured to appear before the recorder, but requires only that the signature be attested by the seal of the recorder; nor does it require that it be attested in the lifetime of the insured.

The fact that the notice does not state that it might be acknowledged before a civil officer is sufficient reason to excuse its not having been so acknowledged, and the insured knowing that he could not appear before the grand recorder, and from said notice, he also had reason to believe that it was not necessary that he should, naturally would conclude the attestation by witnesses, such as was made, would be sufficient, and we think, under the circumstances, it was.

In consideration of the matters involved in this case, it must be kept in mind that Mr. Ryan had the sole power of designating a change of beneficiary. The lodge has no such power; it has no right in this regard; it has the right and power of making rules governing change of beneficiary, and when compliance is had with those rules, it could not exercise any discretion in making the change; in such case, it is merely a ministerial act upon its part, and where there is a substantial compliance with those rules, though the exact method of making the change provided in them is not strictly complied with, the lodge ought not to be heard to complain, unless it would be inequitable to allow substantial compliance with the regulations to prevail.

In this case, however, the lodge makes no complaint; so far as it is concerned, it assumes sufficient compliance with the regulations provid-

ing for the change of beneficiary has been accomplished. It does not object that compliance with its regulations has not taken place. It brings the money into court, and is willing that such beneficiary shall have it as the court may say is entitled to it.

We think, therefore, the lodge has waived any failure of compliance with its regulations in regard to the change of beneficiary.

The agreement between the lodge and the policy holder is a contract, and, in law and equity, is subject to the general rules of construction applied to contracts in general.

In cases such as this, no iron-clad rule can be enunciated. The most, and the best, that can be said in such a case is that, if the insured has done all in his power to comply with the regulation of the order, in such a matter as designating a change of beneficiary, but has not done all that the order requires, and it is equitable to give effect to his partially completed efforts to make such change, and if it plainly would result in great injustice if his partially completed acts were not regarded as completed, equity should regard that as done which ought to have been done; and we think that condition applies to this case, for equity is with the plaintiff.

On the other hand, if the insured, Mr. Ryan, had been a married man, and had he designated in the policy, when issued, his wife as the beneficiary, and the evidence would show that she had been a good, faithful, and dutiful wife, and if we further assume, for the purpose of illustration, that the evidence would show that, for a considerable period of time prior to the time of his death, the insured was in the company of a woman of ill repute and of bad character, and, under similar circumstances, as to the execution of the change of beneficiary in this case, he should designate such a one as the beneficiary, equity could refuse to give effect to the partially completed change of beneficiary, on the ground that it would be inequitable to do so; for a court of equity is a court of conscience, and the thing asked to be regarded as done, which ought to have been done, must appeal to the conscience of the court.

In the circumstances in this case, we do not think that the appellant at any time had any vested interest in the fund in question. It is true, we think, that, under the laws of the order, and, as well, § 5066, Comp. Laws 1913, the insured had no interest in the fund. He did, however,

have an absolute right of changing his beneficiary, and when he did the acts which the evidence shows, in regard to changing the beneficiary, we think a change of beneficiary was effected at the time they were done; and that, under the rule we have applied to this case, his acts were so complete in that regard, or to be regarded by the court so fully completed, as to result in effecting a complete change of beneficiary; and that the plaintiff is the beneficiary entitled to such found.

We, at this time, deem the question of whether or not, under the circumstances of this case, the delivery of the policy to the plaintiff constituted a gift from Mr. Ryan to him, needs no discussion, and we express no opinion thereon.

The material points in the controversy are such as we have already analyzed. We are fully satisfied that, under the circumstances in this case, the plaintiff is entitled to the fund, and that the judgment of the trial court, awarding the fund to him, is proper and right, and should be affirmed. It is affirmed.

The respondent is entitled to his costs and disbursements on appeal.

ROBINSON, BIRDZELL, and BRONSON, JJ., concur.

CHRISTIANSON, Ch. J. (concurring specially). Our statute provides that the payment of death benefits by a fraternal benefit society "shall be confirmed (confined) to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption or to a person or persons dependent upon the member; provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege with the consent of the society to make such institution his beneficiary. Within the above restrictions, each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules, and regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; provided, that any society may, by its laws, limit the scope or beneficiaries within the above classes." Comp. Laws 1913, § 5063.

The facts relating to what was done by the insured to effect a change of beneficiary in the benefit certificate in controversy are fully set forth in the principal opinion prepared by Mr. Justice Grace. It will be observed that the insurer, the Grand Lodge of the Ancient Order of United Workmen of North Dakota, has raised no objection whatever to the mode in which the insured indicated his intention to change the beneficiary, but has signified its entire willingness that the money be paid over to the plaintiff as such beneficiary, in the event the court finds that he is entitled to receive it. While the question is not wholly free from doubt, I am inclined to the view that under the facts in this case the plaintiff, in equity, should be deemed to be the owner of the fund in controversy.