EMMETTE OTIS SMILEY ET AL., APPELLEES, V. MODERN
WOODMEN OF AMERICA: LINNIE L. SMILEY,
INTERVENER, APPELLANT.

FILED APRIL 10, 1924. No. 22677.

Insurance: BENEFICIARIES: SUBSTITUTION. In a controversy between two minor sons of insured and his second wife, his widow, to recover fraternal insurance paid into court by insurer, the facts outlined in the opinion *held* to establish an equitable sub-

stitution making the sons beneficiaries instead of the first wife who, by a decree of divorce, had been disqualified as a beneficiary, there having been a partial failure on the part of the insured to comply with fraternal regulations in attempting to make the change.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

*J. C. McReynolds,* for appellant.

*G. E. Hager, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ., and REDICK, District Judge.

ROSE, J.

This is an action to recover $2,000 on a fraternal benefit or life insurance certificate issued by the Modern Woodmen of America, a fraternal beneficiary association, insurer, to William Elmer Smiley, insured. Ora O. Smiley, then the wife of insured, was named in the benefit certificate as beneficiary. She and insured had two minor sons, Emmette Otis Smiley and Dale D. Smiley, plaintiffs. A partial chronology of events follows: June 2, 1909, the benefit certificate was delivered to insured; January 24, 1919, insured procured a decree of divorce which became final six months later; June 5, 1919, insured, by means of a partially printed and partially written indorsement on the back of the benefit certificate, evinced a purpose to change the beneficiary by substituting for his former wife their two minor sons, plaintiffs; October 2, 1919, insured remarried, the name of his second wife being Linnie L. Smiley; August 28, 1920, insured died.

This action was instituted by P. D. Kelly as guardian of the two minors to recover for them the insurance due on the benefit certificate. Linnie L. Smiley, the second wife, intervened, pleaded that the first wife, after the decree of divorce became final, was not within the class of persons to whom the insurance could be paid and that plaintiffs had never been made beneficiaries. Intervener claimed the in-

surance as the widow of insured and as the beneficiary under the benefit certificate and the by-laws applicable thereto. Insurer admitted its liability for the full amount of the benefit certificate, asked permission to pay the insurance money into court, and prayed for an order directing payment of the fund to the person or persons entitled to it. Insurer paid into court $2,000 and was discharged from further liability on its benefit certificate. Upon a trial of the issues between plaintiffs and intervener, the district court directed a verdict in favor of plaintiffs, and from a judgment thereon intervener has appealed.

A by-law applicable to the benefit certificate forbids payment of the insurance to the first wife and she makes no claim thereto, the divorce having disqualified her as beneficiary. Another by-law directs payment to the widow, the second wife, intervener, unless the minor sons were substituted for the original beneficiary. The rival claimants to the insurance fund in court, therefore, are plaintiffs and intervener, the insurer taking no part in the controversy. The decision depends on the effect, if any, to be given to the attempt by insurer to change the beneficiary. By means of a blank form on the back of the benefit certificate insured verified and acknowledged the following instrument:

"Change of Amount or Beneficiary.

"I, William Elmer Smiley the neighbor to whom this benefit certificate was issued, do hereby surrender and request the cancelation of this benefit certificate, and order that a new one shall be issued, to be in full force and effect from and after the date of issuance thereof by the head clerk and upon the conditions and subject to all of the provisions contained in my original application for membership and the by-laws of this society, in the amount of two thousand dollars, and the same be made payable to Emmette Otis Smiley and Dale D. Smiley who are related to me as sons.

"William Elmer Smiley."

This instrument was executed after the divorce had been

granted and before the decree therefor had become final. It is contended by intervener that the contemplated change never became effective because insured never complied with regulations containing the following provisions: For the purposes of such a change the benefit certificate shall be returned to the head camp through the local camp and a new one issued, designating the new beneficiaries. Insured, upon surrendering his old benefit certificate, shall pay to his camp clerk a fee of 50 cents to be divided equally between the local and the head camps. A section of the by-laws relating to the changing of beneficiaries provides further:

"No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate shall have been delivered to the head clerk and a new certificate issued, during the lifetime of the member, and until such time the old certificate shall remain in force. * * * No change in the designation of the beneficiaries shall be of binding force unless made in compliance with this section."

The benefit certificate was not returned or formally surrendered. The fee was never paid. The insurer did not issue a new benefit certificate. In these respects there was a failure on the part of insured to comply with the by-laws relating to the method of changing beneficiaries.

As between the widow who was the second wife and the two sons of insured by the first wife, did insured make the change effective?

The general rule is that by-laws relating to the manner of changing beneficiaries must be observed, but there are exceptions resting on reason, justice and equity. Whether the present case falls within an exception is the question presented. A fraternal insurer which has performed its contractual obligations in good faith should not be exposed to a double liability through the failure of insured to comply with regulations applicable to a change in beneficiaries. The liability of the insurer and the rights of the beneficiary are fixed at the time of insured's death. Prior to that event, however, the beneficiary named in the benefit

certificate has no vested interest in the insurance and insured may substitute another. Payment of premiums by the person named in a benefit certificate does not create a right to the insurance nor prevent a change in beneficiaries. While a fraternal insurer, to protect its contractual rights and to prevent a double liability, may insist on compliance with its by-laws, it cannot arbitrarily disregard known changes which are valid as between rival claimants to the insurance and which fall within a recognized exception to the general rule requiring full compliance with regulations. These are principles of fraternal insurance.

In the present case the insurer is not exposed to the danger of a double liability. All interested parties are before the court. Prior to payment of the insurance to any one, the insurer had notice that there were rival claimants to the fund. It did not undertake to decide between them, or to prejudice the claim of either, but admitted liability to some one for the face of the benefit certificate, paid the fund into court and was released from further liability. Under such circumstances can a court of equity, as between the rival claimants, inquire into and determine the merits of the different claims? Though the action was commenced as one at law to recover the amount alleged to be due plaintiffs on an insurance contract, the insurer is not now a suitor. The rival claimants to the fund in court are plaintiffs and intervener. Each side pleaded facts in the nature of equitable considerations and offered proofs of the same character. The evidence was heard by a jury, but at the close of the testimony both sides requested a peremptory instruction, which, under the procedure in this jurisdiction, left the decision of both law and fact to the trial court. In reviewing the decision in this state of the record, it is not necessary to make any distinction between law and equity.

The evidence on behalf of intervener tends to prove that insured had expressed to her a prenuptial wish to transfer to her a part of his life insurance. She became his wife and continuously performed her duties as such, caring

for him during his last illness. In the meantime, to keep the insurance in force, she paid some of the insurer's assessments. Unless the original beneficiary was changed she is entitled to the fund, under the by-laws, as the widow, since the first wife, after the divorce became final, was disqualified as a beneficiary. The evidence, however, does not show that insured expressed a prenuptial wish to transfer this identical insurance to intervener, but does show that he did transfer to her other insurance. As already stated, mere payments of premiums by a third person creates in the latter no right to the insurance. Intervener' never had possession or control of the benefit certificate. In comparison, what are the rights and equities of plaintiffs, the two minor sons of insured by his first wife? Insured signed and verified by affidavit on the back of the benefit certificate the instrument, already quoted, evincing his purpose to make plaintiffs beneficiaries. He delivered the insurance contract to their mother to be safely kept by her for their benefit. He told his camp clerk he had made the change and evidently believed he had done so. Under the law and the terms of his contract with the insurer he had a right to make the change. The new beneficiaries were within the class of persons entitled to receive the benefits. They were natural objects of his affections, care and bounty. He partially complied with the by-laws applicable to such a change. His intention to make it is clear. The attempted transfer of the insurance from the first wife to the two sons of insured was not a temporary or whimsical act, but was a deliberate, permanent effort to substitute beneficiaries. The change, as between the rival claimants, took effect during his lifetime when intervener had no vested interest in the insurance. Upon acquiring knowledge of the facts before paying the insurance to intervener, the insurer protected itself from a double liability. Of course, payment in good faith, without notice of a rival claim, to the person substituted by the by-laws for the original beneficiary would have prevented a recovery by plaintiffs in an action between them and the in-

surer, but that is not the case presented. There is nothing to prevent a court of equity from doing justice between the rival claimants and declaring that done which should have been done. In equity, as between the rival claimants, a valid substitution took place long before the death of insured. The judgment in favor of plaintiffs rests on established facts, equity and justice, and does no wrong to the insurer.

AFFIRMED.

Morrissey, C. J., dissents.

Note—See Mutual Benefit Insurance Companies, 29 Cyc. p. 130.