## SUPREME HOME OF ANCIENT ORDER OF PILGRIMS v. PRICE.     (No. 3103.)

(Court of Civil Appeals of Texas. Texarkana.
June 25, 1925. Rehearing Denied
July 2, 1925.)

**1. Insurance ☞783—Beneficiary of policy in fraternal benefit association held not to have vested interest.**

Beneficiary in life policy in fraternal benefit association, constitution of which reserves the right of members to change beneficiaries, does not have vested interest in policy, which will prevent insured from substituting another as beneficiary, or name another to share with beneficiary first named.

**2. Insurance ☞784(2)—Appointment, several days before death of insured, of second beneficiary to share in policy in fraternal benefit society valid.**

Where constitution of fraternal benefit society provided for substitution of beneficiary, appointment of second beneficiary by insured, several days before death, to share with first, held valid as against former beneficiary, notwithstanding instrument of appointment was not received by insurer until some days after death, and policy was not forwarded therewith.

**3. Insurance ☞784(1)—That application for change of beneficiaries not addressed to designated officer held immaterial.**

Where constitution of fraternal benefit society provided for change of beneficiary on sworn application to Supreme Worthy Recorder, fact that application was addressed to the society instead of its Supreme Worthy Recorder held not material.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

Appeal from Hunt County Court; Ollie P. McWhirter, Judge.

Suit by Carrie Price against the Supreme Home of the Ancient Order of Pilgrims. Judgment for plaintiff, and defendant appeals. Modified, and as modified affirmed.

Ross & Wood, of Houston, and Clark & Clark, of Greenville, for appellant.

Porter & Porter, of Greenville, for appellee.

WILLSON, C. J. Appellee, plaintiff in the court below, was the beneficiary named in a policy issued by appellant (a fraternal benefit association, incorporated under the laws of Texas) insuring the life of her mother, Ann Burns, who died July 28, 1923. The suit was for $500, but it was agreed at the trial that by the terms of the contract appellant's liability was for only $400. The controversy between the parties was as to whether appellee was entitled to the $400 or to only half that sum. Appellant's contention that appellee was entitled to only $200 of the $400 and that her sister Alberta Rainey was entitled to the other $200 thereof was based on an instrument as follows:

"Marshall, Texas, July 20, 1923.

"To the Supreme Home of the Ancient Order of Pilgrims:

"I, Ann Burns, member of Moral Sanctuary, No. 394, located at Marshall, Texas, do hereby make application to change the beneficiary in policy No. 20663, dated 6th July, 1923, being duplicate policy from Cora Price (daughter) to Alberta Rainey and Cora Price both my daughters, each to share equally as beneficiaries. I warrant that I am in good standing and that all premiums have been paid. In the event said policy is not changed in accordance with this request, then it is my will that the proceeds collected from the same be divided equally between my said daughters, Cora Price and Alberta Rainey.
                                           her
                       Ann X Burns.
                                          mark

"Witness:

"Sadie L. Williams,

"William Lane.

"Sworn to and subscribed before me on this the 20th day of July, 1923.

                        "William Lane.

"Notary Public, Harrison county, Texas."

In accordance with its contention appellant, on September 26, 1923, paid $200 to Alberta Rainey, and tendered a like sum to appellee as the amount she was entitled to under the policy. Appellee declined to receive the $200 tendered as a settlement in full of her claim, and commenced this suit. Her contention that she was entitled to the entire $400 was based on testimony that the form of the instrument set out above was not that designated and used by appellant for making changes in beneficiaries, and testimony showing that the instrument was not delivered to appellant until after the death of the insured occurred. It was stipulated in the policy that "the insured (quoting) may change the beneficiaries named in this certificate at any time on application." The provision in appellants' constitution with reference to the matter was that

"any member may change the beneficiary named in his certificate by making sworn application therefor to the Supreme Worthy Recorder authorizing such change as shall be indorsed on the reverse side of the certificate, if said application be made in accordance with the form issued and used by the Supreme Home Office, and no beneficiary shall have or obtain any vested interest in said benefit until the same has become due and payable upon the death of said member."

[1] It seems to be settled that the named beneficiary in a policy like the one in question here has no vested interest therein which will prevent the insured from having another person substituted as beneficiary in the place and stead of such named beneficiary. Splawn v. Chew, 60 Tex. 532; Bills v. Bills (Tex. Civ. App.) 207 S. W. 614; Jones v. Holmes (Tex. Civ. App.) 195 S. W. 306. Of course, if the insured has a right to do that, he can name another beneficiary to share with one already named in the policy. It also seems to be the law that, where the insured does all he can to effect a change in the beneficiaries, and dies before the change is complete, "the new beneficiary is entitled to the fund, as an equitable assignment is thereby effected for his benefit." 2 Joyce on Insurance, 1711.

[2] We think the case before us is fairly within the rule just stated, and therefore that the trial court erred when he rendered judgment in appellee's favor for $400, instead of for $200.

It appeared from the testimony that the insured was "sick in bed" at the time she executed the instrument set out above and that she died within a few days after she executed it. It further appeared that, after she executed the instrument, she delivered it to her attorney to forward (we think it ought to be assumed) to appellant. It further appeared that the instrument reached appellant "between the 3d and 12th of August," that is, within from 5 to 15 days after the death of the insured, and (which perhaps is immaterial) that appellant not only did not then or ever afterwards question either the right of the insured to make the change or the method she pursued in her attempt to make it, but, on the contrary, at once recognized a right in her to make a change and to make it in the way she attempted to.

[3] It will be noted that the only particular in which the application executed by the insured differed from the one specified in appellant's constitution was that it was addressed to appellant instead of to its "Supreme Worthy Recorder." Obviously, the difference was a wholly immaterial one.

Taylor v. United Workmen, 45 N. D. 468, 178 N. W. 130. It will be noted further, that, if the insured failed to do anything she was required to do and could have done toward complying with stipulations in appellant's constitution, it was in not delivering the policy to her attorney (if she did not) to forward to appellant with her application, so that appellant could indorse the change on the "reverse side thereof" as provided in the constitution. But we think that was unimportant, for we do not think an indorsement of the change on the policy was necessary to accomplish it.

The conclusion reached that the judgment is erroneous is supported more or less directly by many authorities, among which are Wooten v. Oddfellows, 176 N. C. 52, 96 S. E. 654; Smiley v. Woodmen (Neb.) 198 N. W. 157; Arnold v. Newcomb, 104 Ohio St. 578, 136 N. E. 206; United Artisans v. Cronise, 88 Or. 602 172 P. 109, L. R. A. 1918D, 1131; Taylor v. United Workmen, 45 N. D. 468, 178 N. W. 130; Walsh v. Woodmen, 148 Mo. App. 179, 127 S. W. 645; and see Cooley's Briefs on Insurance, 3769; 7 Cooley's Briefs on Insurance, 1586; 1 Bacon's Benefit Societies, § 310a; 2 Joyce on Insurance, 746, 751; 14 R. C. L. 1392.

The judgment will be so modified as to award appellee a recovery against appellant of only $200 instead of $400 and as so modified will be affirmed.