# CHARLESTON.

## HAMILTON v. McLAIN.

Submitted February 11, 1919.   Decided February 18, 1919.

1. INSURANCE—*Appointment of Beneficiary—Subsequent Change of Relationship.*

   The appointment of beneficiaries to death benefits by the insured in a contract of insurance, valid in its inception and unrevoked by him, is not affected by subsequent change of relationship by marriage or divorce unless so stipulated in the contract or controlled by some provision of law.   (p. 438).

2. SAME—*Mutual Benefit Association—Subsequent Marriage of Insured.*

   Where in such contract of insurance in a voluntary mutual benefit association the applicant in accordance with the regulations of the association has appointed his father and mother to death benefits resulting solely from natural causes or from accident not under control of the person or corporation by whom he is employed, as stipulated, such appointment is not revoked by the subsequent marriage of the insured, unless so stipulated in the contract or by the rules and regulations made part thereof. (p. 438).

3. SAME—*Mutual Benefit Association—Appointment of Beneficiary—Revocation.*

   Where a subsequent regulation specifically provides that death benefits for death resulting from *accident* shall go to the widow, children or parents of the deceased member, but provides that if at the time of his application the member shall have neither of the preferred beneficiaries named, he may if he so elects appoint some other person or persons beneficiary or beneficiaries, the subsequent provision thereof that his marriage subsequent to such application shall be a revocation of such appointment, the effect of such revocation should be limited to death benefits resulting from *accident* and should not be extended by construction to benefits for death resulting from *natural causes* which the member in his application has directed to be paid otherwise and according to some other provision of the contract.   (p. 438).

4. SAME—*Rights of Beneficiary.*

   The right of a beneficiary lawfully appointed to such benefits is in its inception inchoate, but becomes consummate on the death of the insured and cannot be thereafter waived or abrogated by the insurer or otherwise changed unless absolved by some positive rule of law.   (p. 440).

Appeal from Circuit Court, Doddridge County.

Interpleader by H. Curt Hamilton, Secretary-Treasurer, etc., against Virginia A. McLain and others, and J. J. McLain and others. Decree for defendants Virginia A. McLain and others, and defendants J. J. McLain and others appeal.

*Reversed in part, and decree for appellants.*

J. *Ramsey* and J. V. *Blair,* for appellants.

W. S. *Stuart, H. L. Hammond* and L. N. *Tavenner,* for appellees.

MILLER, PRESIDENT:

The plaintiff, secretary-treasurer of the Relief Association of Employees of the South Penn Oil Company, a voluntary association, by bill filed in the circuit court, interpleaded defendants Virginia A. McLain, widow, in her own right and as administratrix of the estate of Harry H. McLain, deceased, Robert McLain and Allen Dotson McLain, infants, and Virginia A. McLain, guardian for said infants, who together constitute one set of claimants, and J. J. McLain and E. McLain, respectively father and mother of said decedent, the other set of claimants to $1,500.00, which plaintiff acknowledges on behalf of said relief association to be due to one or the other of them on account of the death of said decedent, a member in good standing in said association, and which money with accrued interest plaintiff professed himself ready to pay to the parties adjudged to be lawfully entitled thereto under the contract.

Each set of claimants answered the bill setting up their respective claims, and besides the documentary evidence, depositions of witnesses were taken by both sides and filed in the cause, and on final hearing on the issues presented by the interpleaded defendants, the circuit court by final decree pronounced on April 30, 1917, adjudged the widow and the two infant children of the decedent entitled to said fund in the proportion of one-third to each and decreed payment by plaintiff accordingly. From this decree the other claimants, J. J. McLain and E. McLain, were awarded the present appeal.

It was not the practice of said association to issue certifi-

cates or policies of insurance; the application of the member and the printed regulations which formed a part thereof constituted the only evidence of the contract, and it is conceded that the rights of the claimants must be determined thereby.

The declared purpose of said association as stated in said regulations was of "establishing and maintaining a Fund from which to pay benefits to those members of the Association, who, under the regulations hereinafter set forth, may be entitled to receive payment of such benefits." As a means of establishing the fund it is provided as follows: "Said fund shall be known as the Relief Fund, and shall be established and maintained by monthly contributions of the amounts hereinafter specified, from the members of the Association, and by the Contributions of the South Penn Oil Company, hereinafter called the company, and by the income arising from investments of such parts of the Fund itself as may not be needed for the payment of benefits and operating expenses of the Association." Following these declarations are some thirty-five regulations by which it is provided the business of the association shall be conducted, the second whereof prescribes the form of application and the manner in which it shall be signed and witnessed.

The bill and exhibits show that decedent made several applications for membership; the first in October, 1904, in which he designated no beneficiary; the second, March 3, 1908, in which he provided, "In the event of death from natural causes pay death benefits to mother;" the third, September 11, 1909, in which he provided, "In the event of death from natural causes, pay death benefits to Father and Mother;" the fourth and last, April 2, 1913, in which he said: "In the event of death from natural causes or by accident outside of control of the South Penn Oil Company, pay death benefits to J. J. McLain and E. McLain who is my parents." The record also shows that in November or December, 1906, the insured made a will whereby he undertook according to its language to "Give everything to my father and mother both real and personal." The several applications for membership referred to were rendered necessary by increases in wages and consequential changes in rating for dues to be

paid by the applicant in accordance with the rules and regulations.

It is also alleged and proven that on July 2, 1913, said Harry H. McLain intermarried with the said Virginia A. McLain, whose maiden name was Virginia A. Dotson, and with whom he continued to live as husband until his death, September 30, 1915, the result of typhoid fever, a natural cause, in no way superinduced by accident of any kind or character, and by whom he had two infant children, one born before and the other after his demise.

It is argued that sections 24 and 25 of the regulations as amended and in force at the time of the fourth and last application properly interpreted are controlling and that the rights of the conflicting claimants must be determined thereby. They are as follows

"TWENTY-FOURTH: Death Benefits shall be paid to those who by law would be entitled to take the deceased member's estate in case of intestacy, except when the deceased member shall have appointed, in the manner prescribed by these Regulations, some other person or persons beneficiary to receive payment thereof, in which case payment shall be made to such beneficiary or beneficiaries. Applicants for membership in the Association may name in their application a beneficiary or beneficiaries to receive Death Benefits for death resulting solely from natural causes, or from accident outside of the control of the Company; and members may at any time, and as often as they desire, change such beneficiary or beneficiaries previously named in their application or appointed, by filing with the Secretary of the Association a new application naming therein the substituted beneficiary or beneficiaries. The word "Members" as used in this amendment shall include members who have been and hereafter are retired by, and placed upon the Special Pay Roll, and Annuity Plan List of, the Company."

"TWENTY-FIFTH: Death Benefits for death resulting from accident shall be paid to the widow, children or parents of the member on account of whose death the same may become payable. If such deceased member shall leave a widow, but no children, such widow, shall be entitled to receive pay-

ment of the whole amount of such Death Benefits; if he shall leave a widow and children, said Death Benefit shall be paid to them in the same proportion as they would take his personal estate in case of intestacy; if he shall leave children but no widow, said death benefit shall be paid to such children in the same proportions as they would take his personal estate, in case of intestacy; if he shall have neither widow nor children, but leave a father and mother, or either, said Death Benefit shall be paid to such father and mother jointly, if both be living, or to the survivor, if one of them be dead. Any member who at the time of applying for membership in the Association shall have neither wife, child, father or mother, may, if he so elects, appoint such person or persons as beneficiary or beneficiaries, of the Death Benefit secured to him, by membership in the Association, as he may see fit, in which case, if but one person be so designated, he or she shall receive payment of the whole of said Death Benefit, or if more than one be so designated, they shall be paid said Death Benefit in equal shares or in such other proportions as such member may request in his application. The marriage of a member subsequent to his appointment of a beneficiary of the Death Benefit secured by his membership shall be a revocation of such appointment.''

Based on these regulations and provisions of the contract and the fact that the insured came to his death solely from natural cause and not from an accident either outside of or under the control of the South Penn Oil Company, the contentions of the claimants are as follows: On behalf of the appellants that being designated beneficiaries by the insured in his application they are entitled to the fund as provided in said regulation twenty-four. On behalf of appellees that the marriage of the insured subsequent to his application and appointment of appellants as beneficiaries, worked a revocation of such appointment and let them in as beneficiaries as provided by the final provision of section twenty-five.

We do not see how there can be any doubt about the proper construction of the contract depending on these two regulations, read and considered in the light of the declared purposes of the association and paragraph 6 of the application,

which is as follows: "6. I agree that the acceptance of a benefit from the Relief Fund of said Association for sickness, bodily injury or death happening to me, shall operate as a release of all claims for damages against the South Penn Oil Company by reason of such injury or death which could be made by or through me, and that I or my legal representatives will, upon request, execute such written instrument as may be necessary to evidence such release."

It is not controverted that at the time of his application the insured had the right to name therein "a beneficiary or beneficiaries to receive death benefits for death resulting solely from natural causes, or from accident outside of the control of the company," this by the very words of regulation 24. The applicant exercised this right of appointment, designating appellants, his father and mother respectively, and limiting their rights to benefits thus accruing. It is well settled respecting such contracts that the designation of a beneficiary, valid in its inception remains so, and it is not to be disturbed by changed relationships of marriage or divorce unless otherwise stipulated in the contract or controlled by the laws of the state. *Courtois* v. *Grand Lodge A. O. U. W.,* 135 Cal. 552; *White* v. *Brotherhood of American Yeomen,* 124 Iowa 293; 104 Am. St. Rep. 323; *Union Fraternal League* v. *Walton,* 109 Ga. 1, 77 Am. St. Rep. 350.

There is not found anywhere in the contract any provision denying the power of appointment or revoking the same unless, as contended by appellees, the last provision of regulation 25 does so. It is suggested in argument that policies or contracts of life insurance are testamentary in character and should be so construed; but we do not understand counsel as affirming that the appointment made was by virtue of our statute relating to wills revoked by the subsequent marriage of the insured. Certainly the statute can in no way affect a valid contract. Nor can said appointment be treated as revoked by marriage according to any declared object of the association or rule of the common law applicable to such cases. In *Massachusetts etc. Foresters* v. *Callahan,* 146 Mass. 391, where the statute authorized such beneficiary associations for the purpose of assisting widows and orphans or other rel-

atives of deceased members, and the constitution of the association stated its object to be to make suitable provisions for the widow and orphan, it was held that the designation of the mother of the applicant as beneficiary was one to which the association could give its assent and was a valid appointment and was not revoked by the subsequent marriage of the applicant.

But the question in the case at bar is, was the appointment of appellants revoked by the subsequent marriage of the applicant by virtue of the provision of said regulation 25? If it was, of course the decree below was right and should be affirmed, otherwise it should be reversed and a decree entered here for appellants. Counsel for appellees in a very elaborate argument contend that the provision of regulation 25 reaches back and controls the construction of regulation 24. Grammatically it certainly cannot be said to do so. The former refers to "death benefits secured by his membership" which might if proper to do so be referred also to regulation 24. But the latter regulation is dealing with death benefits generally and says in the first paragraph that they shall be paid to those who by law would be entitled to take the deceased member's personal estate, unless or except when the deceased shall have appointed some other person in the manner prescribed by the regulations. By that regulation applicant could make no appointment to death benefits except those accruing solely from death due to natural causes or from accident outside the control of the company, and as we have already observed he did not by the appointment actually made attempt to go beyond this limitation.

But how about regulation 25? The first provision thereof is that "Death Benefits for death resulting from accident (plainly meaning accident under the control of the company for which it might be held responsible) shall be paid to the widow, children" etc. Under this regulation what is the power given a member to appoint a beneficiary? There is none, except that if at the time of his application he shall have neither wife, child, father or mother, and he so elects, he may designate some other person or persons as his beneficiary or beneficiaries. Clearly it is such an appointment to

benefits to accrue from accident that is revoked by the subsequent marriage of the applicant and not an appointment authorized by regulation 24. ' This is undoubtedly a provision made for the benefit of the oil company, which by the constitution of the association is a contributing member. It cannot be a beneficiary except for protection from liability for accidents under its control. If the association or the officers could waive this provision made for the benefit of the company, we do not think that they have done so by impleading the contesting claimants. True, we held in *Pleasants* v. *Locomotive Engineers Mutual Life and Accident Insurance Association,* 70 W. Va. 389, that an insurance association might waive an objection to a beneficiary not within the class of persons authorized to take benefits. But no such question is presented here. Appellants are of the class of beneficiaries authorized to accept benefits, and when appointed by the applicant to benefits accruing from death by natural cause or accident from under control of the company, they are preferred to the wife, children or any other favored class.

It is argued however that a beneficiary in such a contract of insurance has no vested interest, and that the inchoate right as appointee may by the provisions of the regulations be taken away at any time by the voluntary act of the insured or by operation of law. But after the death of the insured the right of the beneficiary, before inchoate, becomes consummate, and unless in some way taken away by the terms of the contract or by law, he cannot be deprived of his rights. 1 Bacon on Life and Accident Insurance, §379. The rule is different where no power is reserved to change the beneficiary. In such cases the beneficiary is said to have a vested interest from the inception of the contract. 14 R. C. L. 1376; Bacon on Life and Accident Insurance, §377. So the appellants' rights having been fixed by the death of the insured, the association had no authority thereafter by waiver or otherwise to abrogate or affect the rights of the appellants.

As the rights of the parties must necessarily be determined by the provisions of the contract, the terms of which seem plain and unambiguous, we do not see what bearing the prior or subsequent acts of the parties can have on the construction

of the contract.  But both sides refer to these matters as evidencing an intent on the part of the insured to prefer them.  Reference is made to the fact that the insured intermarried with Virginia A. McLain within a short time after making his new contract of insurance, and that his understanding must have been that such marriage revoked his previous appointment.  But the other side point to the fact that he knew when making the new contract of his engagement and prospective marriage, and that afterwards he did make changes in other contracts of insurance so as to prefer his wife as beneficiary, but made no change in the contract here involved.  At the time of his death he had in force insurance aggregating $6,500.00, of which $4,000.00 was in favor of his wife.  These and other facts shown in the evidence, we think, evince an intention to make no change in the beneficiaries named in the present contract.  At all events none were made, and the contract and the rights of the parties must be solved by the provisions thereof properly construed and which appear very plain and unambiguous.

Our conclusion is to reverse the decree and enter such a decree here in favor of the appellants as we think the circuit court should have pronounced.

*Reversed in part, and decree for appellants.*