METROPOLITAN LIFE INSURANCE COMPANY *v.* LETTIE MAY HILL *et al.*

(CC 513)

Submitted October 30, 1934. Decided November 13, 1934.

*William M. Buchanan, W. H. D. Preece* and *H. D. Rollins,* for defendant Ella Marshall.

*E. Gaujot Bias* and *S. N. Friedberg,* for defendant Lettie May Hill.

HATCHER, JUDGE:

This suit was brought by an insurance company as stakeholder, to dispose of the proceeds of an insurance policy on the life of William A. Hill. He was killed by his wife who was the beneficiary named in the policy and also his sole distributee. Upon a trial for his murder she was found guilty of involuntary manslaughter. She pleads herein that she killed her husband unintentionally, and sets out in her plea her acquittal of felonious killing in the criminal trial. The circuit court overruled (1) a demurrer to her plea, and (2) a motion to strike therefrom all reference to the criminal trial. The plea is here on certification.

1. Inasmuch as the plea alleges that the killing was unintentional, it is good on demurrer.

2. The Revisers' note to Code 1931, 56-4-36, shows that the present scope of a demurrer was not designed to affect in any manner the practice of moving to strike extraneous matter from a pleading. In opposition to the motion to strike herein, Mrs. Hill invokes Code 1931, 42-4-2, which is in part as follows:

> "* * * No person who has been convicted of feloniously killing another, * * * shall take or acquire money * * * from the one killed * * *, either by distribution, * * * or by any policy or certificate of insurance, or otherwise; but the money * * * to which the person so convicted would otherwise have been entitled, shall go to the person or persons who would have taken the same if the person so convicted had been, dead at the date of the death of the one killed or conspired against, unless by some rule of law or equity the money or the property would pass to some other person or persons."

Counsel for Mrs. Hill point to the phrase in the statute "No person who has been convicted of feloniously killing another," etc., and contend that it bars only the one so convicted from acquiring money through the killing. They contend further that by implication the statute permits a killer who is convicted of a lesser offense to take from the one killed. They say: "If the statute operates against the benfieciary in the one case (conviction of a felony) it is reasonable to say that it shall operate to the benefit of the beneficiary in the other instance (conviction of a misdemeanor)."

Counsel for the administratrix of the deceased take the position that while the statute has made *conviction of a felony* conclusive against a beneficiary who kills the insured, the statute has not dealt or purported to deal with conviction of less than a felony.

In seeking the meaning of a statute it is the duty of the court to look to the purpose of the enactment as well as to the language employed. *State* v. *Rr. Co.*, 61 W. Va.

367, 56 S. E. 518. The Revisers of the Code made the following note to the above section: "This section is new. It is framed to meet a case like *Johnston v. Metropolitan Life Ins. Co.*, 85 W. Va. 70, 100 S. E. 865." The *Johnston* case held (a) that a beneficiary in a life insurance policy who murdered the insured was not entitled to the proceeds of the policy; and (b) that when such beneficiary was also the sole distributee of the deceased, his personal representative could not recover the proceeds (for the murderer should not get indirectly, as distributee, what he could not get directly, as beneficiary). It is true that the opinion in the *Johnston* case refers to one who "murders the insured" and bars him from the proceeds of the policy because of "his felonious act." But that case was dealing with a murderer. The opinion naturally used terms strictly applicable to the facts in that case. There was no occasion in that case, or for the legislature in preparing to meet a similar case, to change the test of the common law rule barring the beneficiary—*unlawful intentional causation of death of the insured whether felonious or not*. Cooley, Briefs on Insurance (2d Ed.), page 5227. The *Johnston* opinion displays no intention to limit the test to *murder* in a technical sense. The basis of the opinion is the fundamental principle of justice that *one shall not profit by his own wrong*. The opinion says: "It is against the policy of our law to reward one for the commission of crime." That policy no more rewards an intentional misdemeanant than a felon. The one differs at law from the other simply in degree. Both set the law at naught. "The law does not force its ministers of justice to abet a criminal design to set the law at naught." Cardoza, Judge, in *People* v. *Schmidt*, 216 N. Y. 324, 341, 110 N. E. 945.

The effect of the *Johnston* decision was to leave the proceeds of the policy with the insurance company. The statute, in so far as it inhibits the murderer from securing the proceeds is merely declarative of the *Johnston* decision, and does not *meet* a situation like the one presented there. The situation is met only by the disposition which the statute makes of the insurance from which

the slayer is thus barred. It is therefore obvious that the major purpose of the Revisers was to arrange that disposition.

In *Interstate Stores* v. *Williamson,* 91 W. Va. 156, 160, 112 S. E. 301, this Court has recognized the general rule that "the judgment in a criminal case is not proper evidence in a civil suit to prove the facts on which it is based." See annotation 31 A. L. R. 262. To meet that rule in case of a felonious conviction and make the conviction final was evidently the minor purpose of the Revisers when they included in the statute its inhibitory portion. For all which we must hold that the statute was designed to raise the felony conviction as but another bar to recovery in a civil action, and that the statute gives no implication that a lesser verdict would furnish basis for such a recovery.

The finding of involuntary manslaughter by the criminal court does not entitle or tend to entitle Mrs. Hill to the proceeds of the policy. Wherefore the motion to strike should have been sustained so that the simple issue herein would not become complicated by that finding.

The ruling of the circuit court on the demurrer is affirmed, but on the motion to strike is reversed.

*Affirmed in part; reversed in part; remanded.*