Grace and others vs. The Northwestern Mutual Relief Ass'n and another.

GRACE and others, by guardian *ad litem*, Appellants, vs. THE NORTHWESTERN MUTUAL RELIEF ASSOCIATION and another, Respondents.

*April 11 — May 1, 1894.*

*Mutual benefit society: Change of beneficiary.*

A member of a mutual benefit society surrendered his certificate "for the purpose of securing a change of beneficiary," and directed that the new certificate be made payable to such person or persons as he should designate in his last will. The new certificate was issued accordingly, but no new beneficiaries were ever designated by will or otherwise. *Held*, that the attempted change was incomplete and ineffectual, and that the contract remained as though the former certificate had never been surrendered.

APPEAL from the Circuit Court for *Iowa* County.

The infant plaintiffs are the children of one John F. Grace and of Annie R. Grace, who is their general guardian and guardian *ad litem*. On May 30, 1887, the said John F. Grace became a member of the defendant association and paid his dues and received a certificate of membership with his then wife, Annie R., as beneficiary, and

in case of her death prior to his then payable to his heirs at law. On November 26, 1888, on application of said John F. Grace, such contract of insurance was changed, and his said three children were made sole beneficiaries, and the certificate therefor was issued and is now in the possession of the plaintiffs. On January 25, 1890, the said John F. Grace, supposing said last-named certificate to have been lost, obtained from the defendant association another certificate to the same effect. On October 4, 1890, the said Annie R. Grace obtained a divorce from the said John F. Grace, and on February 10, 1891, the said John F. Grace married the defendant *Annie L. Grace.* On February 11, 1891, the said John F. Grace applied to the defendant association for a change of beneficiaries, and therewith returned and surrendered to said association said last-named certificate for the purpose of securing such change, and that said association should, in consideration thereof, issue to him a new certificate payable to such person or persons as he should designate and name in his last will and testament. Thereupon, and on the same day, the defendant association issued to the said John F. Grace a new certificate according to such application, with such person or persons as beneficiaries as he should designate and name in his last will and testament. The said John F. Grace failed to name or designate any such beneficiary during his lifetime, by last will and testament or otherwise.

On January 28, 1893, the said John F. Grace died intestate, and on March 30, 1893, the said Annie R. Grace, mother of said plaintiffs, was duly appointed their guardian. On June 30, 1893, this action was commenced by said infants as plaintiffs to enforce the payment of $2,000 as such insurance. The complaint alleged in apt words the facts stated, and that all payments of premiums had been made by the said John F. Grace prior to his death. The defendant *Annie L. Grace* demurred to said complaint on

the ground that the same did not state facts sufficient to constitute a cause of action. The defendant association answered said complaint, to the effect that it was ready and willing, April 10, 1893, and ever since had been, to pay over said $2,000 to the beneficiaries or proper person entitled thereto under said certificate, upon the surrender of the same, and asking the court to determine the conflicting claims thereto, and that the association be directed to whom to pay said money, and that such certificate be delivered up, etc.

The cause was heard by the court upon such pleadings, and it was thereupon, in effect, ordered and decreed that said demurrer be sustained; that the plaintiffs take nothing by their action; that the defendant *Annie L. Grace* was entitled to the fund mentioned, and that she have and recover the same from said association, less $15 costs in favor of said association, upon delivery to the company of proper satisfaction for such judgment. From that part of the judgment in favor of *Annie L. Grace*, and the whole thereof, the plaintiffs appeal.

*J. P. Smelker*, for the appellants.

*Aldro Jenks*, for the respondent *Annie L. Grace*.

CASSODAY, J. It must be conceded that as the contract was prior to the attempted change, February 11, 1891, the infant plaintiffs were the sole beneficiaries. In Mr. Grace's "application for change of beneficiary," made on that day, it is stated, in effect, that the former certificate is thereby returned and surrendered "*for the purpose of securing* a change of beneficiary;" and that the association, in consideration thereof, would issue and forward to him a new certificate, payable to such person or persons as he should designate and name in his last will and testament. The certificate was issued accordingly, but no person was ever designated or named as such beneficiary by last will and

testament or otherwise. The proposed change was never in fact effected, by reason of such failure of Mr. Grace to so name or designate. Since the former certificate was so returned and surrendered for the sole purpose of securing such change, and since no such change was ever in fact effected by reason of such failure, the question recurs whether such return and surrender of such former certificate operated as a complete cancellation and extinguishment of the same, or whether such return and surrender remained inchoate, depending upon such change being made complete by such designation or naming of new beneficiaries or beneficiary.

Upon careful consideration we are constrained to hold that such return and surrender so remained inchoate and dependent. It is very much the same in principle as where attempts have been made to alter portions of a will by erasures without obliteration, and by way of substituting new words by interlineation which fail to go into effect for want of re-attestation; and hence, as there was no intent to revoke except by way of such substitution which so failed, the courts have generally held that the attempted alteration is ineffectual. *Will of Ladd,* 60 Wis. 193, 194, and cases there cited. See, also, *Short v. Smith,* 4 East, 419; *Soar v. Dolman,* 3 Curt. Ecc. 121; *Brooke v. Kent,* 3 Moore, P. C. 334; *In re Parr,* 6 Jur. (N. S.), 56. So here we must hold that the attempted change of beneficiaries was left incomplete, and hence ineffectual; and that the contract of insurance must be regarded the same as though the former certificate had never been returned and surrendered.

*By the Court.*— That part of the judgment in favor of the defendant *Annie L. Grace* and against the plaintiffs is reversed, and the cause is remanded with direction to overrule the demurrer and render judgment in favor of the plaintiffs for the fund of $1,985, so held by the defendant

association for the rightful owner as mentioned; but no costs are to be awarded against the association, either in this court or the trial court.

As to change of beneficiary in other than the prescribed method, see note to *Grand Lodge A. O. U. W. v. Noll* (90 Mich. 37), in 15 L. R. A. 350.— REP.

