### REID v. DURBORAW.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1921.)

No. 1821.

1. **Insurance ☞586, 587—Beneficiary without vested right, when right to change reserved, and not entitled to notice of change.**

One named as beneficiary in a life insurance policy, in which the right to change the beneficiary is reserved, has no vested interest, and is not entitled to notice of change.

2. **Insurance ☞587—Insurer without discretion to refuse to indorse change of beneficiary.**

Under a life policy reserving the right to change the beneficiary, the change to take effect only when indorsed by the company on the policy, the company has no discretion to refuse to indorse the change on the policy, when insured has sent the policy to it with a request for the change.

3. **Insurance ☞587—Change of beneficiary treated as made, when insured has done all that he could.**

Under a life policy reserving the right to change the beneficiary, effective only when indorsed by the company on the policy, equity, considering that as done which ought to be done, will treat the change as actually made when insured has done all that he could to meet the conditions for change required by the policy.

4. **Insurance ☞587—Required conditions for indorsement of change of beneficiary may be waived.**

Under a life policy reserving the right to change the beneficiary, effective when indorsed by the company on the policy, the insurer may waive performance of the conditions required for the indorsement of the change.

5. **Insurance ☞587—Conditions of change of beneficiary fixed by contract, and cannot be changed.**

The power to change the beneficiary under a policy is a power of appointment, and the terms of its exercise are fixed by the contract between insurer and insured for the protection of both parties, and the court has no power to change the contract by changing such conditions.

6. **Insurance ☞587—Insured's intended change of beneficiary held not effective.**

Under a life policy reserving to insured the right to change the beneficiary, effective when indorsed by the company on the policy, where insured wrote an agent, asking that a change be made, effective immediately, but, on receiving proper blanks, delayed executing them, because in baggage that was in storage, and, after executing the formal

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

request for change, failed to forward it to the company, accompanied by the policy, though for over a month before his death the policy was at hand, the change was not effected, as insured must do all that he can to comply with the conditions of the policy before his intention will be effectuated by the courts.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Bill of interpleader by the New England Mutual Life Insurance Company against Katherine Reid and Ethel Banta Durboraw. From a judgment in favor of Durboraw (263 Fed. 451), Reid appeals. Reversed.

Louis J. Burger, of Baltimore, Md., and McKinley Pritchard, of Asheville, N. C. (Hinkley, Hisky & Burger, of Baltimore, Md., and Albert J. Long, of Hagerstown, Md., on the brief), for appellant.

Joseph Packard and A. Morris Tyson, both of Baltimore, Md., for appellee.

Before KNAPP and WOODS, Circuit Judges, and WEBB, District Judge.

WOODS, Circuit Judge. We adopt the following clear statement of facts made by the District Judge:

"On July 31, 1915, the New England Mutual Life Insurance Company, hereinafter called the 'company,' issued a policy for $5,000 to Raymond H. Durboraw. As he was then unmarried, it was made payable to his sister, Katherine Reid; but he reserved the right to change the beneficiary when and as often as he saw fit, by filing at the company's home office a written request for such change, to take effect only when endorsed by the company on the policy. Nearly three years later, he wrote to the agent through whom he had effected the insurance that he had married five days before, and wanted his policy to at once be made payable to his wife, so as to take effect 'to-day, June 16, 1918,' adding, 'I put this in this way, so that if I should go before the change is recorded this letter will be evidence of my desire in the matter.' He gave his wife's name, and asked if this was sufficient information, or if any other step was necessary.

"The agent had some time before left the employ of the company, and on the 21st day of June he sent Durboraw's letter to the general agent of the company at Des Moines, Iowa, and on the same day wrote the insured: 'In regard to the change in beneficiary, I am sending your letter to headquarters, so that your wish will be made effective at once. The proper blank will be sent to you for your signature. This blank, together with your policy, will be sent to the home office, where the change of beneficiary will be endorsed on it. This will be done without expense to you.'

"On the 28th of June, the company's general agent at Des Moines wrote to the insured that he had been advised that he desired to change the beneficiary, and inclosed blanks for the purpose, which he told the insured to sign, date, and have witnessed, and return with the policy, adding that the desired change would be then made. When this letter was received, both the insured and his wife were at Moorhead, Minn., teaching in a summer school. After the school closed, they had planned to go to Hinsdale, Mass., for a month or more, and after that to locate in New York City, where both expected to take courses at Columbia University.

"It so happened that the blanks and policy got into baggage that they put in storage, and in consequence were inaccessible until fall. On the 22d day of August, the insured, in sending from Hinsdale his annual premium, stated: 'I shall be unable to send you the blanks concerning change in beneficiary of

said policy for some weeks yet. I trust the delay will be of no particular consequence. I will be able to send it soon after September 1st.'

"On the 23d of September, the insured executed the two duplicate forms of notice of change of beneficiary, in the presence of one George W. Metcalf, who duly witnessed the same. Shortly before that time the insured and his wife had begun housekeeping in an apartment in New York City. They both entered Columbia. For some hours every day he was engaged in teaching, and during others in studying. They had their new home to fit up. They had a succession of guests, and were very busy. It may have been that the policy was where it took a little trouble to get at it. At all events, for some reason or other, he overlooked forwarding to the company either the policy or notice of change of beneficiary. In the latter part of October he was taken ill with the flu, and although he was only 35 years of age, and had been in excellent health, he died on November 3, 1918. Twelve days later his widow sent the notice of change of beneficiary to the company. The sister persisted in her claim. The widow sued the company in Iowa; the sister in Maryland. The company, availing itself of the provisions of the act of Congress of February 22, 1917 (chapter 113, 39 Stat. 929 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 991a]), filed a bill of interpleader here and paid the amount of the policy into the registry of the court."

We regret our inability to agree with the District Court that the action of the assured accomplished a change in the beneficiary of the policy. The policy provides:

"When the right of revocation has been reserved, the insured (with the assent of the assignee, if any), upon written request filed with the company at its home office, may from time to time designate a new beneficiary hereunder, or have the policy made payable to his estate, such change to take effect only when endorsed hereon by the company."

[1-4] It is true that one named as beneficiary has no vested interest and is not entitled to notice of change; that the right to change a beneficiary is a property right of the assured, which in the case of insolvency the court can require him to exercise in favor of his creditors (Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143); that the insurer has no discretion to refuse to indorse the change of beneficiary in the policy when the insured has sent the policy to the home office with a request for the change; that equity, considering that as done which ought to be done, will treat the change as actually made when the insured has done all that he could to meet the conditions for change required by the policy; that the insurer may waive performance of the conditions required for the indorsement of the change on the policy.

[5] But the power to change the beneficiary is a power of appointment, and the terms of its exercise are fixed by the contract between the insurer and the insured; not alone for the protection of the insurer, but of the insured as well. The court has no power to change that contract by changing the conditions upon which the exercise of the power of appointment is limited. The utmost extent to which the courts have ever gone is to effectuate the intention of the insured when he has done all that he could to comply with the conditions, and has been prevented by circumstances beyond his control from meeting the requirements. If the policy has been lost, if it is in the possession of another, who refuses to surrender it, or is otherwise inaccessible, if it has been sent to the home office of the insurer, with

the requisite request, and the insured dies before the indorsement is made, if the insurer has waived the conditions, the change will be considered made without actual return of the policy or indorsement of the change. The numerous decisions will be found cited in the text-books and annotated cases.

[6] In the case before us the insured, in response to his request for a change of beneficiary, was reminded, by letters dated the 21st and the 28th of June, to send the policy forward with a formal request for the change. He signed the formal request in New York on the 23d of September, 1918. At that time the policy was in a trunk in his apartment, and so remained until his death on November 3d, after a 10 days' illness. Thus it appears that a period of more than a month elapsed, with a formal request duly executed in his hands and the policy also at hand, without any effort to send them forward to the home office for indorsement of the change. No excuse or explanation has been suggested, either in the evidence or in the argument, except procrastination of the insured.

Regrettable as it may be, we see no escape, either on principle or authority, from holding that no reasonable effort was made to exercise the power of changing the beneficiary in the method contracted for, and that the original appointment of the sister as beneficiary must stand.

Reversed.