# CHARLESTON.

Union Mutual Life Insurance Company *v.* Helen Lindamood *et al.*

(No. 6610)

Submitted February 11, 1930.   Decided February 18, 1930.

*Goodykoontz & Slaven,* for Union Mutual Life Insurance Company.

*Randolph Bias* and *J. Brooks Lawson,* for Elizabeth Lindamood.

*Wade H. Bronson,* for appellant.

Litz, Judge:

The plaintiff, Union Mutual Life Insurance Company, filed its bill of interpleader in the circuit court of Mingo County praying that the defendants, Helen J. Lindamood and Elizabeth Lindamood, be required to interplead concerning their respective claims to the proceeds of a life insurance policy.

The policy, dated May 6, 1913, was issued by the plaintiff through its general agent for West Virginia, O. P. Wheat of Huntington, to Benjamin H. Lindamood. His mother, the defendant, Helen J. Lindamood, was named as beneficiary. Elizabeth Lindamood is the widow of the insured. He and she intermarried January 19, 1918, and thereafter lived together as husband and wife until his death, September 7, 1928. On May 18, 1925, the insured by letter addressed to said O. P. Wheat, as such agent, directed the substitution of his wife as beneficiary. In the same letter he applied for a loan on the policy. The agent promptly replied, acknowledging receipt of the letter and instructing the insured how to proceed in order to obtain the desired loan, but did not refer to the matter of changing the beneficiary. The insured promptly mailed the policy to the agent and later received the loan. The evidence tends strongly to prove the fact (controverted by the mother) that he believed the change had been made as directed, having stated to an intimate friend, according to testimony of the latter, that it had been done, and that he would deliver the policy to his wife as soon as he had secured its return by paying the loan. It had been the custom of the general agent at the request of policy holders to have beneficiaries changed. He, however, neglected to forward the written request of the insured in this case to the home office and the company therefore made no record of the change.

The policy provides: "CHANGE OF BENEFICIARY. The insured may, from time to time, while this policy is in force, change any beneficiary hereof, upon filing with the company at its office in Portland, Maine, a written request therefor, accompanied by this policy for endorsement, provided, however, that in case the insured shall at any time designate any person as the absolute beneficiary hereof or assign this policy, said right to change the beneficiary shall thereupon cease during the lifetime of such person, or of such assignment. The right to change the beneficiary is reserved solely by the insured and cannot be assigned."

"ENTIRE CONTRACT AND MISSTATEMENTS.—This policy and application hereof constitute the entire contract

by the parties hereto, and all statements made by the insured in the application hereof shall, in the absence of fraud, be deemed representations and not warranties, and no such statements shall be used in defense to a claim under, or avoid, this policy, unless it is contained in the written application herefor, and a copy of such application is endorsed hereon or attached hereto.''

''CHANGE OF CONTRACT. Any change in the terms or beneficiaries of this contract or waiver of its terms or conditions, or any forfeiture, must be in writing signed by the president, vice-president, secretary, assistant secretary, actuary or assistant actuary, and indorsed on the policy. No person is authorized to make any changes in this contract or waive any forfeiture of it except as herein provided.''

The mother, contending that the effort of the insured to change the beneficiary was abortive, relies on *Freund* v. *Freund*, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283; *Thomas* v. *Thomas*, 131 N. Y. 205, 27 Am. St. Rep. 582; *Barron* v. *Liberty Natl. Bank*, (S. C.) 128 S. E. 414; *Grace* v. *Northwestern, etc.*, 87 Wis. 562, 41 Am. St. Rep. 63; *Rollins* v. *McHatton*, 16 Colo. 203, 25 Am. St. Rep. 260; and 14 R. C. L. 1387.

*Freund* v. *Freund* involved a policy issued by New York Life Insurance Company. The statute of New York, which became a part of the policy, provided that the insured might at any time *with the consent* of the insurer change the beneficiary. The Illinois court held that the consent of the insurer was prerequisite to a change of the beneficiary. In *Thomas* v. *Thomas* it was held that an attempted change of the beneficiary by the insured, without the knowledge or consent of the insurer, was ineffectual, the certificate of insurance having been issued by a Mutual Benefit Society whose by-laws required the delivery of the original certificate to the association and the issuance of another containing the name of the new beneficiary to effect a change of beneficiary. The policy in *Barron* v. *Liberty Natl. Bank* provided that the change of beneficiary should ''take effect only upon indorsement of same on this policy by the company.'' It was held that the mere pledging or assigning of the policy by the insured, without

notice to the company, did not effect a change of the beneficiary. In *Grace* v. *Northwestern Mutual Relief Assn.* the insured returned to the association his certificate of insurance requesting a new certificate payable to such person or persons as he should designate and name in his last will and testament. The new certificate was issued accordingly but no person was ever named as such beneficiary by last will or otherwise. It was held that the attempted change of beneficiary was incomplete, and that the contract of insurance must be regarded as though the former certificate had never been returned and surrendered. In *Rollins* v. *McHatton* the certificate of insurance issued by a mutual benefit society provided for change of beneficiary by an entry thereof on the records of the society. The court held that the mere delivery of the certificate by the insured accompanied with oral declarations in relation thereto did not constitute such a compliance as would work a change of beneficiary.

It is undoubtedly the general rule that the mode prescribed in a life insurance policy for changing the beneficiary must be at least substantially followed. To this general rule, however, exceptions are recognized in the following cases: (1) Where the insurer has waived compliance with the prescribed regulations, or estopped itself to assert non-compliance therewith. (2) Where it is beyond the power of the insured to comply literally with the regulations. (3) Where the insured has done all that he is required to do and only formal ministerial acts on the part of the insurer remain to be done in order to complete the change, equity will treat it as having been made. "Equity will aid an attempted, but incomplete, change of beneficiaries; * * * when the insured in good faith has attempted to comply with the prescribed mode of change. Equity will, in such case, consider that done which ought to have been done, and will not require impossibilities." Cooley's Briefs on Insurance, p. 6455. "If, however, the insured has done substantially all that is required of him to effect a change of beneficiary, and all that remains to be done are the ministerial acts of the officers of the association (insurer), the change will take effect, though the formal details were not completed before the death of the insured."

Idem, 6448. *Supreme Conclave Royal Adelphia* v. *Capella et al.,* 41 Fed. 1; *Taylor* v. *Grand Lodge,* (N. D.) 178 N. W. 130; *Brown* v. *Home Life Insurance Company of New York,* 3 Fed. (2nd) 661; *Reliance Life Insurance Company of Pittsburgh* v. *Bennington,* (Md.) 121 Atl. 369; *Smiley* v. *Modern Woodmen of America,* (Neb.) 198 N. W. 157; *Henizman* v. *Whitman,* (Ind.) 139 N. E. 329; *Supreme Council of the Royal Arcanum* v. *Behrend,* 247 U. S. 394, 1 A. L. R. 966, annotation 971. ''On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy.'' 37 C. J. p. 585.

In view of the facts, that the policy does not require the consent of the insurer to a change of beneficiary, that the insured had directed the change through the state agent who issued the policy in accordance with the usual practice of policy holders, that he believed the change had been made, that the policy remained in the possession of the insurer until after his death, and that the interest of the mother was a mere expectancy, equity should, under the third exception, recognize the widow as the true beneficiary.

The plaintiff was decreed its costs other than attorney's fee. It now assigns error because it was not also allowed a reasonable attorney's fee. Chapter 107, Code, providing for interpleader at law, provides that, ''the court may make all such rules and orders and enter such judgment as to costs and all other matters, as may be just and proper.'' In *Swiger* v. *Hayman,* 56 W. Va. 123, it was held: ''On an interpleader, respecting a sum of money in the hands of the plaintiff, occasioned by the fault of one of the defendants, costs out of the fund should be decreed to the plaintiff, and the defendant who is not in fault is entitled to a decree against the other defendant for the costs so taken out of the fund as well as for his own costs.'' This litigation was not caused by the fault of either claimant, but is chargeable to the plaintiff through the fault of its state agent, O. P. Wheat. Under these

circumstances, we are of opinion that the trial court did not commit error in refusing to allow it an attorney's fee.

The decree of the circuit court is, therefore, affirmed.

*Affirmed.*