**MUTUAL LIFE INS. CO. OF NEW YORK**
**v. PATTERSON et al.**

**No. 2075.**

District Court, W. D. New York.

July 30, 1936.

Dwyer, Reilly, Roberts, McLouth & Dicker, of Rochester, N. Y. (David H. Shearer, of Rochester, N. Y.), for plaintiff.

Vedo M. Candiello, of Hornell, N. Y., for defendant Grace H. Patterson.

James W. Cullen, of Sayre, Pa., for defendants Donald and Ethel Holcomb.

RIPPEY, District Judge.

On May 22, 1928, plaintiff issued its policy of insurance on the life of Sydney J. Patterson payable, upon his death, to his children, Ethel Holcomb and Gertrude Patterson, in equal shares. The policy contained a clause which authorized the insured from time to time to change the beneficiary by filing written notice in the home office of the company accompanied by the policy for endorsement, provided there was no existing assignment of the policy other than to the company then outstanding, and further provided that "such change shall take effect upon endorsement of the Policy by the Company."

Accordingly the insured duly changed the beneficiary on October 2, 1929, to Grace Patterson, his wife, one of the defendants herein, and the change was indorsed upon the policy. On April 11, 1936, plaintiff received a request from the insured to again change the beneficiary so that the

policy would be payable, upon his death, to the defendants Ethel Holcomb and Donald Holcomb. The policy of insurance did not accompany the request for change of beneficiary, it has never been delivered to the plaintiff, and no indorsement of any change has been made thereon.

The insured died on April 13, 1936. On April 29, 1936, Grace Patterson filed and plaintiff received due proofs of the insured's death, and she claimed the proceeds of the policy. On May 20, 1936, the defendants Donald Holcomb and Ethel Holcomb filed claim under the policy. Thereupon the plaintiff filed this bill of interpleader against the several claimants, paid the amount due according to the terms of the policy into court, and has asked to be relieved from any further participation in litigation between claimants to the fund and for other relief. Coincident with the motion of plaintiff, the defendant Patterson moved to dismiss the bill as insufficient upon its face on the ground, substantially, that the bill does not show that there is a substantial controversy between the defendants in which the plaintiff is not interested.

 Inasmuch as the policy, by its terms, gave to the insured the right to change the beneficiary, Grace Patterson acquired only an expectancy to the proceeds of the policy during the lifetime of the insured (Mutual Benefit Life Ins. Co. v. Swett [C.C.A.] 222 F. 200, 204, Ann.Cas.1917B, 298), but her right became vested absolutely upon the death of the insured without previous change of beneficiary (Schoenholz v. New York Life Ins. Co., 234 N.Y. 24, 29, 136 N. E. 227, 228). Undoubtedly the company could insist that there should be a strict compliance with the provisions of the policy in order to make effective a change of beneficiary. Nevertheless, as is said in the Schoenholz Case, supra, "The courts, in favor of one claiming to have been designated as a beneficiary for a valuable consideration, will excuse exact compliance with the provisions of the policy where the attempt at such compliance has been substantial and its full success prevented by some cause not within the control of the person attempting to make the change." To like effect, see Barrett v. Barrett, 173 Ga. 375, 160 S.E. 399, 78 A.L.R. 962, and annotation; also Matter of Lynch's Es-

tate, 135 Misc. 436, 237 N.Y.S. 663. Prima facie, Grace Patterson, the duly designated beneficiary in the policy, was entitled to the proceeds of the policy upon filing due proofs of death, and payment to her by plaintiff would have absolved the company from any further claim on the policy. However, having notice before the death of the insured that he was attempting to make a change of beneficiary, the plaintiff properly elected for its own protection not to pay the money to her but to await developments. After the claim of the alleged new beneficiaries was filed, by bringing all claimants into court and by paying the total amount for which it can be liable under any contingency on the policy into court, plaintiff waived its right to insist that the condition precedent to a change of beneficiary should be strictly complied with and has acknowledged the right of recovery on the policy. This waiver and acknowledgment it had a right to make. In so doing, it has not changed the rights of the respective claimants to the fund. Spencer v. Myers, 150 N.Y. 269, 276, 44 N.E. 942, 34 L.R.A. 175, 55 Am.St.Rep. 675. Enough has been shown to indicate that the alleged new beneficiaries are bona fide claimants thereto and that a real controversy has arisen as to who is entitled to secure the fund. The plaintiff ought not, in equity, to be required to participate in their litigation over it.

The motion to dismiss the bill should be denied, the bill of interpleader sustained, and the relief which plaintiff seeks should be granted. Plaintiff is entitled to its disbursements of $71.45 and to the sum of $100 to apply on account of its counsel fees herein, which sum is hereby allowed. The said sum so directed to be paid to the plaintiff should be directed to be paid out of the fund on deposit, but should be taxed as proper costs in favor of the claimant who succeeds herein upon the trial of this action against the claimant or claimants who fail. The order should provide that Grace Patterson be deemed the moving party herein and that she file and serve her pleading within twenty days after the date of the entry of the order upon this decision, and that the action then proceed according to the practice of this court. An order carrying this decision into effect may be presented for signature on or before July 31, 1936.