EQUITABLE LIFE ASSUR. SOC. OF THE
UNITED STATES v. BROWN et al.
No. 28.

District Court, S. D. West Virginia, at
Charleston.
March 14, 1940.

Brown, Jackson & Knight, of Charleston, W. Va., for plaintiff.

John W. Hereford, of Huntington, W. Va., for defendant Charles M. Brown, administrator.

Price & McWhorter, of Lewisburg, W. Va., for defendants Alice Withrow Hill, Ann Wheatley and Ellen Wheatley.

McCLINTIC, District Judge.

This is a case involving the determination of whether a change in the beneficiary under three policies of insurance issued upon the life of Merritt M. Hill of Elverton, West Virginia, had been effected at the time of his death. The plaintiff insurance company paid the face value of the three policies into court and asked that the adverse claimants be decreed to interplead and settle between themselves their respective rights or claims to the sum deposited into court. The matter was heard upon an agreed statement of facts.

The Equitable Life Assurance Society of the United States issued three policies of insurance upon the life of Merritt M. Hill, two of which were for $10,000 and the third being a $5,000 policy, all premiums having been paid prior to the death of insured. The original beneficiary in all three policies was Betty Helen Hill, wife of the insured.

Insured reserved to himself the right to change the beneficiary in all three policies, the provisions for such change being the same in each policy and in the following words:

"The insured may from time to time, by written notice duly filed at the Society's Home Office, change the beneficiary, but such change shall take effect only upon its endorsement on this policy by the Society.

"If the executors or administrators of the Insured be not expressly designated as beneficiary, any part of the proceeds of this policy with respect to which there is no designated beneficiary living at the death of the Insured and no assignee en-

titled thereto, will be payable in a single sum to the children of the Insured who survive the Insured, in equal shares, or should none survive, then to the Insured's executors or administrators."

Betty Helen Hill, the original beneficiary in all three policies, died on July 21, 1938. On August 27, 1938, the insured, Merritt M. Hill, executed the papers prescribed by the insurance company for a change of beneficiary under each of said policies, naming his mother, Alice Withrow Hill, as beneficiary thereunder and in case of her death, provision was made for monthly payments to insured's nieces, Ann Wheatley and Ellen Wheatley. On August 29, 1938, insured wrote a letter to Mr. Gordon H. Thompson, at Beckley, West Virginia, the agent for the Equitable Life Assurance Society, with whom he had taken out the policies in question, enclosing therewith the written requests for the change of beneficiary, together with the three policies. Mr. Thompson immediately forwarded these papers to the Wheeling office of the Society, where they were received on September 2, 1938. The Wheeling office, on September 3, 1938, having previously received notice of insured's death, mailed the policies, the requests for change of beneficiary, together with the notice of insured's death, to the Home Office of the Society in New York City, where they were received on September 4, 1938.

Merritt M. Hill, the insured, died on the night of August 31 or the morning of September 1, 1938, intestate and without issue, and before the change of beneficiary could have been endorsed on the policies by the Society at its Home Office. Such endorsement was never written on the policies.

On September 10, 1938 Charles M. Brown was appointed administrator of the estate of Merritt M. Hill. In due time both said administrator and Alice Withrow Hill, mother of insured, whom he had named beneficiary in the notice to change beneficiary executed just prior to his death, made demand on plaintiff insurance company for the full amount due under said policies.

Plaintiff filed its interpleader and deposited $25,000 into court.

There are numerous cases cited by counsel for both sides in their briefs filed in connection herewith, most of which are quite similar in facts to the case at bar. However, there are slight differences in practically every case upon which the opinions cited are in part based, which result in a difference in the conclusions reached, a number of courts holding that acts done by the insured similar to those done by Merritt M. Hill in the instant case did effect a change in the beneficiary, while other courts hold that such acts did not effect a change in beneficiary. Some of the cases cited rely upon statutes requiring the consent of the insurance company to any change in beneficiary, in others such consent is required by the terms of the policy; in some cases the change would have been effected but for the neglect of an insurance agent, while in others it was the neglect of the insured that resulted in the failure to complete the change; the time element enters into most of the cases; and in many of them it is obvious that the courts have attempted to carry out the intentions of the insured if equity and justice require that such be done.

All of these factors must be considered in deciding a question of this nature. Almost every case cited can be distinguished from those reaching a different conclusion upon some small difference in the facts of each case. Both law and equity must be considered in determining the just answer to the question here presented.

A general review of the law on this matter is well stated in 37 C.J. 584, section 350(b), and the cases cited thereunder, the relevant part of which is as follows: "Policies authorizing a change of beneficiary usually specify the mode of effecting the change * * *. In order to effect a change of beneficiary the mode prescribed by the policy must be followed, it being held in some cases that a substantial compliance is necessary and in others that a strict compliance is required. A mere unexecuted intention to change the beneficiary is not sufficient. The company has a right to insist upon compliance with the provisions of the policy, and while it may waive or be estopped to assert provisions intended for its benefit and protection, a waiver by it after the death of insured is ineffectual as against the original beneficiary. On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as * * * where he sent

both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change on the policy, and these acts were either not done at all or were done after the death of the insured. Of course * * * where the policy or contract provides for a change of beneficiary with the consent of the company, an attempted change not assented to by the company will not be valid, in the absence of waiver or estoppel, even though the insured has done all that he could to effect the change, the act of the company required not being a mere ministerial one, but rather one involving the exercise of judgment and discretion. When not so provided by the terms of the policy, the consent of the company is not required to render a change of beneficiary valid."

By the terms of the policies involved in this case the consent of the company was not required to a change in the beneficiary. The leading case that holds that the consent of the insurance company is necessary to complete a change in beneficiary, thus making the requirement in the policy that the change be endorsed on the policy by the company at its home office more than a mere ministerial act, is Freund v. Freund, 218 Ill. 189, 75 N.E. 925, 930, 109 Am.St.Rep. 283. That case is based on a New York statute that required the consent of the company to any change in beneficiary and the court read the statute into the policy, basing its decision in part on the terms thereof, as indicated in the opinion where it is said: "In the case at bar the company, under the statute, was required to give its consent to the change, and under the contract the company could only indicate its consent to such change by an indorsement in writing upon the policy at the home office."

In the case here under consideration we have been cited no statute requiring the consent of the company to a change in beneficiary and there is nothing in the policy itself requiring such consent. In the absence of a statute or a requirement in the contract itself, the consent of the insurance company is not necessary to complete a change in beneficiary. Howe v. Fidelity Trust Co., Ky., 89 S.W. 521. In fact the company has no discretion to refuse to indorse the change of beneficiary on the policy when insured has sent the policy to the home office with a request for the change. Reid v. Durboraw, 4 Cir., 272 F. 99. Therefore the indorsement of such change upon the policies here involved by the company would have been merely a ministerial act.

On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of the insured by holding that the change of beneficiary has been accomplished where he has done all that he could do to comply with the provisions of the policy and all that remains to be done were certain formal and ministerial acts on the part of the company. Reid v. Durboraw, supra; Union Mutual Life Ins. Co. v. Lindamood, 108 W.Va. 594, 152 S.E. 321; State Mutual Life Assurance Co. v. Bessett, 41 R.I. 54, 102 A. 727, L.R.A.1918C, 961.

We have here a situation where there is no question that the intention of the insured was to change the beneficiary under his life insurance policies. His wife was the original beneficiary named thereunder and she had died a short time before he sent the written notice and request for a change. He had no children and his mother was his nearest of kin and the natural object of his bounty after the death of his wife. The policies themselves provided that the administrator should be entitled to the proceeds thereof only if there was no designated beneficiary alive at time of insured's death and if he had no children.

In the Freund case, supra, and others, the attempted change of beneficiary sought to be completed was the third or fourth change and was a change from a living designated beneficiary, who was a natural object of insured's bounty, to another person. In such situations there is some doubt as to what the insured's real intention was, and as to the comparative equities of the two parties in interest. But under the facts as presented here the attempted change was from a residuary beneficiary with no equities in his favor to a living person whom the insured was under a duty to support.

Insured had done everything within his power to complete the change and the only thing remaining to be done to complete the change was the endorsement of the change on the policies by the company. The company would have been required to make the endorsement had death not intervened before it was able to do so. The clause "such change shall take effect only

upon its endorsement on this policy by the Society" was written into the policy for the protection of the company. But the company claims no right to the protection given thereby and it would not be just to permit the residuary beneficiary to defeat the obvious intention of the insured by relying on this clause.

It is true that the waiver by a company of the protection afforded it under this clause will not defeat a vested right in a beneficiary and that a beneficiary's right to the proceeds of a policy become vested at the time of insured's death. Wilkie v. Philadelphia Life Ins. Co., 187 S.C. 382, 197 S.E. 375; Mutual Life Ins. Co. v. Patterson et al., D.C., 15 F.Supp. 759. But under the principle that equity will consider done that which ought to be done, the change in beneficiary becomes complete, where the insurance company's consent is not required, at the time the insured has done all that he could do to complete the change, which is before his death. Consequently no vested rights are being defeated in this case by entering a decree in favor of the mother of the insured.

The West Virginia cases, which this court must follow under the decision in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, support this conclusion. In the case of Union Mutual Life Ins. Co. v. Lindamood, supra, the West Virginia Supreme Court says [108 W.Va. 594, 152 S.E. 322]: "It is undoubtedly the general rule that the mode prescribed in a life insurance policy for changing the beneficiary must be at least substantially followed. To this general rule, however, exceptions are recognized in the following cases: * * * (3) Where the insured has done all that he is required to do and only formal ministerial acts on the part of the insurer remain to be done in order to complete the change, equity will treat it as having been made." This court being of the opinion that the endorsement of the change on the policy by the insurer is only a formal ministerial act, this case undoubtedly falls within the third exception to the general rule as set out above. See, also, New York Life Ins. Co. v. Christie et al., 115 W.Va. 632, 177 S.E. 865.

The conclusion reached herein also coincides with the law expounded in Reid v. Durboraw, supra, decided by the Circuit Court of Appeals for the Fourth Circuit,

although the conclusion reached in that case is different from that arrived at herein. In the cited case, however, the court based its finding on the fact that insured had not done all that he could have done to complete the change of beneficiary at the time of his death. Such is not the case here.

The finding of this court is that the change of beneficiary was completed at the time of insured's death and that the beneficiary named in such change, Alice Withrow Hill, is entitled to the proceeds of the policies issued on the life of Merritt M. Hill.