**HARMON et al. v. COYLE.**

**No. 6691.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 23, 1953.

Decided Dec. 30, 1953.

Martin C. Bowles, Charleston, W. Va., (L. F. Poffenbarger and William H. Hazlett, Charleston, W. Va., on the brief) for appellants.

Robert H. C. Kay (John S. Haight, Charleston, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a summary judgment for plaintiff on a policy of life insurance in an action in which the company by an answer in the nature of a bill of interpleader paid the amount of the policy into court and brought in as parties persons who were claiming under the policy adversely to plaintiff. The persons impleaded had unquestionably been named as beneficiaries under the policy at one time, and the question involved was whether there had been a valid change of beneficiary from them to plaintiff. The court below, without deciding any disputed question of fact, held that the filing by the company of the bill of interpleader amounted to a waiver of the provisions of the policy relating to change of beneficiary and that plaintiff thereupon became entitled to recover under the policy as a matter of law on the admitted facts and entered summary judgment accordingly. In this we think there was error.

The facts are that the company in 1942 issued a policy on the life of one Richard A. Schutte, Jr. in the sum of $5,000 naming his mother as beneficiary. Upon the death of his mother in 1947, Schutte named as beneficiaries under the policy Albert M. Harmon and Lolla F. Harmon, and this change was duly noted by the company upon the policy in accordance with its terms. The Harmons claim under the policy and are the persons who were brought into the action by the company by answer in the nature of bill of interpleader. In May 1951 insured applied to the company to change the beneficiary to Laura J. Coyle, the plaintiff in this action, filing with the company an application for change of beneficiary under its form 9082 and accompanying this with a request for a duplicate or substitute policy under its form 124. A part of the latter form was an affidavit by insured, sworn to before plaintiff as a notary public, to the effect that the policy had been lost or mislaid. The company refused to issue a duplicate or substitute policy or to honor the requested change of beneficiary unless the policy should be produced in accordance with its terms. The applicable provision of the policy is as follows:

"The Beneficiary under this Policy may from time to time be changed, upon proper written request while this Policy is in force and the submission of such written request to the Home Office, but such change shall become operative only if this Policy has been received at the Home Office and endorsed by the Company. After such endorsement has been made, the change shall take effect and any interest of any previous Beneficiary shall cease as of the date of such written request whether or not the Insured is living at the time of such endorsement, but without prejudice to the Company on account of any payment made by it prior to such endorsement. Any change of Beneficiary shall be subject to the rights of any assignee of record at the Home Office."

The insured took no further action to change the beneficiary to plaintiff and, so far as the record before us shows, acquiesced in the position of the company that the beneficiary could not be changed unless the policy were produced and the change noted in accordance with its terms. In 1951 the policy lapsed for nonpayment of premium and in October of that year the insured executed a request for reinstatement in the presence of Albert M. Harmon, who delivered the request to the company and paid the premium. Insured died September 17, 1952.

On the motion for summary judgment the Harmons filed an affidavit with the trial judge claiming that they were the beneficiaries under the policy; that the policy had never been lost; that the affidavit signed by the insured before plaintiff to the effect that it had been lost was false and that this statement was in the handwriting of plaintiff; that the Harmons had had the policy in their possession with the knowledge of the insured and had paid premiums on it with his knowledge; and that insured had never intimated to them that he contemplated a change of beneficiary or had sought to obtain possession of the policy for that purpose.

On the facts as above stated and upon the allegations contained in the affidavit of the Harmons, we think that there were substantial issues of fact to be tried in the case before it could be held that plaintiff was entitled to recover as beneficiary. The interpleader filed by the company could do no more than waive what rights the company may have had to insist upon the provision of the policy requiring that change of beneficiary be indorsed thereon. It could not decide the question as to whether there had in fact been a change of beneficiary. In view of the alleged falsity of the affidavit as to loss of the policy, the apparent acquiescence of insured in the position of the company that to effect a change of beneficiary the change must be noted on the policy, and the insured's application for reinstatement of the policy after it had subsequently lapsed with no further mention of change of beneficiary and with payment of the premium by Albert Harmon, triers of fact might well have concluded that, even if there had been an attempt to change the beneficiary in May 1951, this attempt had been abandoned and no change of beneficiary had been accomplished. It was error, therefore, to grant summary judgment for plaintiff with this crucial question undecided.

Plaintiff relies upon the decisions in Union Mutual Life Ins. Co. v. Lindamood, 108 W.Va. 594, 152 S.E. 321, and Gill v. Provident Life & Accident Ins. Co., 131 W.Va. 465, 48 S.E.2d 165, 169; but neither of these cases supports the decision of the court below. The rule laid down by these cases is well stated in the opinion of the latter, quoting from the opinion of the former, as follows:

"It is undoubtedly the general rule that the mode prescribed in a life insurance policy for changing the beneficiary must be at least substantially followed. To this general rule, however, exceptions are recognized in the following cases: (1) Where the insurer has waived compliance with the prescribed regulations, or estopped itself to assert noncompli-

ance therewith. (2) Where it is beyond the power of the insured to comply literally with the regulations. (3) Where the insured has done all that he is required to do and only formal ministerial acts on the part of the insurer remain to be done in order to complete the change, equity will treat it as having been made. 'Equity will aid in attempted, but incomplete, change of beneficiaries; * * * when the insured in good faith has attempted to comply with the prescribed mode of change. Equity will, in such case, consider that done which ought to have been done, and will not require impossibilities.' Cooley's Briefs on Insurance, p. 6455. 'If, however, the insured has done substantially all that is required of him to effect a change of beneficiary, and all that remains to be done are the ministerial acts of the officers of the association (insurer), the change will take effect, though the formal details were not completed before the death of the insured.'"

▮▮ It cannot be said that the case here falls within the exceptions above enumerated. As to the first exception, the insurer did not waive compliance with the mode prescribed in the policy for change of beneficiary or do anything which would estop it from asserting non-compliance therewith. On the contrary, it insisted that the beneficiary could not be changed unless the policy were produced and the change of beneficiary indorsed thereon. The insured apparently acquiesced in this position, and later renewed the policy for the benefit of the Harmons by permitting Albert Harmon to pay the premium without mentioning to him any change of beneficiary. Even though the filing of the interpleader be held a waiver of the company's right to insist on the policy provision, it could not have the effect of reviving an attempted change of beneficiary which had theretofore been abandoned nor could

it defeat a right which had become vested at the time of insured's death in the parties brought in by the interpleader. Hamilton v. McLain, 83 W.Va. 433, 98 S.E. 445; Resnek v. Mutual Life Ins. Co., 286 Mass. 305, 190 N.E. 603; Rasmussen v. Mutual Life Ins. Co., 70 N.D. 295, 293 N.W. 805; Wilkie v. Philadelphia Life Ins. Co., 187 S.C. 382, 197 S.E. 375; Mutual Life Ins. Co. v. Patterson, D.C., 15 F.Supp. 759; Equitable Life Assur. Soc. v. Brown, 31 F.Supp. 785, 788. As to the second exception, there is nothing to show that it was beyond the power of the insured to comply with the policy provision if he had desired to do so. As to the third exception, the insured had not done all that he was required to do, leaving only ministerial acts to be performed by the company so that equity could treat them as having been performed because they should have been performed. When the company refused to change the beneficiary unless the conditions of the policy were complied with, insured could have tendered the policy for indorsement, or, if unable to produce it, he could have given the reason for such inability and insisted that the company recognize the change. He did neither of these things but, as stated above, apparently acquiesced in the position which the company had taken. We think that this is a pertinent circumstance tending to show that the attempt to change the beneficiary was abandoned and that no change of beneficiary was accomplished by the attempt. See Resnek v. Mutual Life Ins. Co., supra, 286 Mass. 305, 190 N.E. 603; Rasmussen v. Mutual Life Ins. Co., supra, 70 N.D. 295, 293 N.W. 805; United Life & Accident Ins. Co. v. Reynolds, 2 Cir., 62 F.2d 776; note 19 A.L.R.2d 63.

For the reasons stated, the summary judgment appealed from will be reversed and the cause will be remanded for further proceedings not inconsistent herewith.

**Reversed.**