The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, a corporation, Plaintiff,

v.

Bette L. RUPE and Noah R. Rupe, Defendants.

Civ. A. No. 2030.

United States District Court
S. D. West Virginia.
June 24, 1958.

—◆—

V. K. Knapp, Winfield, W. Va., for defendant, Noah Rupe.

Harry N. Barton, and Milton S. Koslow, Charleston, W. Va., for defendant, Bette L. Rupe.

John S. Stump, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for plaintiff, Minnesota Mutual Life Ins. Co.,

BEN MOORE, Chief Judge.

This is an interpleader action in which the plaintiff insurer deposited in court the proceeds due under the terms of a group insurance policy written on the employees of the Alexandria, Barcroft & Washington Transit Company, of Alexandria, Virginia, hereinafter referred to as "employer," under which the life of one of its employees, Roscoe B. Rupe, hereinafter referred to as "insured," was insured for $3,000. The original beneficiary designated by insured was his wife, Bette L. Rupe. Domestic difficulties having developed between insured and his wife, they separated about January 1, 1957. Insured came to Putnam County, West Virginia, and established residence with a sister.

The original certificate of insurance issued to insured remained in the possession of his wife and was not available to him. On June 14, 1957, insured went to the office of Houston L. Mosley, agent for plaintiff, in Charleston, West Virginia, and executed a request for change of beneficiary from Bette L. Rupe to Noah R. Rupe, his father. The form used for the change was of the type used with respect to ordinary life policies. This form was received at the home office of plaintiff on June 19, 1957. An accompanying note from Mosley indicated that insured had lost his contract. The home office completed a form of the type used for change of beneficiaries under group life insurance contracts and sent it to Mosley on June 28, 1957, together with a statement to be signed by insured regarding his lost certificate. Both of these forms were executed by insured on August 2, 1957. The change of beneficiary form bears the date "August 19, 1957," stamped on it by the employer. A rider was attached to the policy by plaintiff, indicating the change of beneficiary and giving August 2, 1957, as the effective date. Insured died on August 7, 1957.

The classification given to the employer's policy by plaintiff was that of a "self-administered group policy." The insurance contract was not directly between the insurance company and the insured individual, but between the insurance company and the employer as the policy holder. According to information furnished by plaintiff's home office, (received in evidence by agreement of the parties), a self-administered group policy is normally administered by the employer instead of the carrier, thus relieving the carrier of this burden, and making possible a lower rate to the employees.

In normal handling, the employer does the clerical work required in effecting a change of beneficiary..

The policy and certificate contain a provision relating to a change of beneficiary which reads:

"Any employee insured hereunder may change his beneficiary from time to time without the beneficiary's consent by filing a written notice of such change through the employer."

Since insured did not file a written notice of the desired change through the employer, Bette L. Rupe contends that the attempted change was ineffective and that she is entitled to the proceeds of the policy.

The sole issue involved here is whether or not insured complied with the terms of the contract of insurance in his attempt to effectuate a change of beneficiary.

■ Basically there are three requirements which are prerequisite to an effective change of beneficiary: (1) the right to change must be reserved to the insured; (2) there must be a voluntary intent to change; and (3) there must be some overt act or acts both to evidence such intent and to comply substantially with the prescribed method of change required by the policy.

The first two of these requirements are unquestionably met in this case. The policy reserved to the insured the right to change the beneficiary at any time, and his repeated attempts to do so through plaintiff's agent, Mosley, clearly indicate an unequivocal intent to change the beneficiary from his wife, Bette Rupe, to his father, Noah Rupe.

In dealing with the third requirement, it is noted that there is some division of authority with respect to the degree of compliance with the method and mechanics expressed in the policy, which must be shown in order to effect a change of beneficiary. Some decisions support the rule of strict compliance with all the terms of the policy, including the formal and purely ministerial acts to be performed by the insurer, before an effective change is recognized. See American National Insurance Co. v. Reid, D.C.W.D.Okl.1952, 108 F.Supp. 428; Ehlerman v. Bankers' Life Insurance Co., 1924, 199 Iowa 417, 200 N.W. 408; Metropolitan Life Insurance Co. v. Zgliczenski, 1922, 94 N.J.Eq. 300, 119 A. 29; Indiana National Life Insurance Co. v. McGinnis, 180 Ind. 9, 1913, 101 N.E. 289, 45 L.R.A.,N.S., 192, See also Couch, Cyclopaedia of Insurance Law, Vol. 2, § 315–a (1929); Appleman, Insurance Law & Practice, Vol. 2, § 943 (1941).

■ However the great majority of courts which have passed on this question take the more liberal view that sub-stantial compliance with the applicable terms of the policy is enough. See among others Norris v. Norris, 5 Cir., 1944, 145 F.2d 99; Travelers Insurance Co. v. Davis, D.C.S.D.Fla.1952, 102 F. Supp. 5; Mutual Life Insurance Co. of New York v. Patterson, D.C.W.D.N.Y. 1936, 15 F.Supp. 759; Faircloth v. Coleman, 1955, 211 Ga. 356, 86 S.E.2d 107; Dryman v. Liberty Life Insurance Co., 1950, 216 S.C. 177, 57 S.E.2d 163, 14 A.L.R.2d 371; Wooten v. Grand United Order of Odd Fellows, 1918, 176 N.C. 52, 96 S.E. 654; Sun Life Assurance Co. of Canada v. Williams, 1936, 284 Ill.App. 222, 1 N.E.2d 247. See also 46 C.J.S. Insurance § 1175(2); and 29 Am.Jur., Insurance, §§ 1319, 1320.

■ Moreover, even those courts which adhere to the rule of strict compliance generally recognize that such may be waived by the insurer, and that if so waived, substantial compliance will suffice. Here the insurer, while not expressly waiving any procedural act on the part of insured, did so in effect by depositing the proceeds of the policy in court and asserting a neutral position.

Although this contract of insurance was executed in Virginia, I have found no decision of the highest court of that state which has passed on the specific issue in question. That the federal court in this district is committed to the majority rule making substantial compliance sufficient is shown by the case of Equitable Life Assurance Society of United States v. Brown, D.C.S.D.W.Va. 1940, 31 F.Supp. 785. See also, for the rule in West Virginia, Gill v. Provident Life & Acc. Insurance Co., 1948, 131 W. Va. 465, 48 S.E.2d 165; New York Life Insurance Co. v. Christie, 1934, 115 W. Va. 632, 177 S.E. 865; Union Mutual Life Insurance Co. v. Lindamood, 1930, 108 W.Va. 594, 152 S.E. 321. Also see 37 C.J. 584, Section 350(b). Therefore the facts must be examined to determine whether insured did substantially comply with the terms of the policy.

It is provided in the pertinent portion of the policy: "Any employee insured hereunder may change his bene-

ficiary from time to time without tne beneficiary's consent by filing a written notice of such change through the employer. After any change of beneficiary is made by the filing of such notice, it shall relate back and take effect as of the date on which the employee signed the notice, whether or not the employee is living on the date of filing  * * * ."

In his effort to change the original beneficiary, insured twice sent requests to the insurer through the insurer's agent Mosley. The second request was believed by insured to be necessary since no action had followed the earlier request. All the necessary forms for a change were completed; and insured evidently believed he had done all he was required to do in order to effectuate the desired change.

The policy requires no endorsement by the insurer to complete the change. All that is required for such a change is that written notice thereof be "filed;" and the fact that the insured employee may die between the time when the notice is executed by him and the time when it is filed is immaterial, since the effective date of the change relates back to the date of signing, on filing of the completed form.

The only major contention offered by the original beneficiary is that notice of change of beneficiary must be filed "through the employer" as stated in the policy, and that a notice sent directly to the insurer, as was done in this case, does not amount to substantial compliance with the policy.

Defendant Bette Rupe also urges that, in order to constitute substantial compliance, insured must have done everything reasonably within his power in order to effect a change of beneficiary; and that he did not do so, because he could easily have fulfilled the express terms of the policy simply by writing a letter to the employer making known his desire to change the beneficiary.

The short answer to this argument is that insured could hardly be expected to know or remember clearly the exact pro-

visions of the policy certificate, since it was in his wife's possession and insured neither had access to it nor a copy of it. What would be more natural under the circumstances than to attempt to change the beneficiary by notifying the insurer through its agent? Even the insurer's agent must have believed this was the proper procedure to be followed, since he participated with insured in following it.

For the foregoing reasons I hold that insured did substantially comply with the terms of the policy and that an effective change of beneficiary was made.

An order may be submitted directing the Clerk to pay the proceeds of the insurance policy now in his hands to defendant Noah Rupe.