Della MILLER, Guardian for Phyllis Miller, now Phyllis Miller Turner, and Della Miller, Administratrix of the Estate of Richard C. Turner, Deceased, and Goldie Turner, Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY, a corporation, Defendant.

Civ. A. No. 2277.

United States District Court
S. D. West Virginia,
Huntington Division.

March 16, 1967.

R. A. Woodall, Hamlin, W. Va., and George S. Sharp Kay, Casto & Chaney,

Charleston, W. Va., for plaintiff Della Miller, Guardian and Administratrix.

W. Dale Greene, Preiser, Greene & Hunt, Charleston, W. Va., and Clarence E. Hall, Madison, W. Va., for plaintiff Goldie Turner.

W. F. Wunschel, Steptoe & Johnson, Charleston, W. Va., for defendant.

CHRISTIE, District Judge:

This action involves the proceeds of an accident insurance policy and was tried to the Court without a jury. The action was originally instituted in the Circuit Court of Lincoln County, West Virginia and was removed therefrom to this court on the grounds of diversity of citizenship and requisite amount upon the petition of defendant American Home Assurance Company.

The plaintiff in this action, Della Miller, guardian for Phyllis Miller Turner and also administratrix of the estate of Richard C. Turner, seeks to recover the proceeds of a group accident insurance policy issued by defendant to Richard C. Turner's employer and under which he was an insured at the time of his death. After the removal of the cause to this court, Mrs. Goldie Turner, mother of Richard C. Turner, deceased, sought and was granted leave to become a party plaintiff in the action.

The defendant insurer admits its liability for the proceeds of the policy and has offered no defense or contest to the claim of either party. It stands ready to distribute the proceeds to the contestant prevailing in this action. Thus, the only issue is which of the parties is entitled to the $30,000.00 in insurance proceeds.

## FINDINGS OF FACT

On or about January 4, 1966, Richard C. Turner signed an application for group accident insurance under Master Policy No. 9901094 issued by defendant to The Creasy Co., his then employer. The application was filled out at the home of Richard Turner's parents by a sister, and it designated his mother, Mrs. Goldie Mary Turner, as beneficiary. In it no right is expressly reserved to change the beneficiary. It is not clear whether Richard Turner signed the application before or after the sister completed filling it out. In either event, the evidence is undisputed that she performed this task at his direction. He thereafter submitted the application to his employer and in due course received Certificate of Insurance No. 1144E from defendant. This document does not contain the name of a designated beneficiary and the application is not attached to or made a part of the policy by either the express wording of the application or the certificate. The deceased kept this certificate along with certain other papers and insurance policies in the glove box of his automobile.

On or about July 2, 1966, the deceased married Phyllis Louise Miller and on August 26, 1966, he was killed in a motorcycle accident. The policy was in effect at the time and as a result of the manner in which he met his death $30,000.00 became due and owing under its terms.

The certificate of insurance contained the following provisions:

"BENEFICIARY DESIGNATION AND CHANGE: The beneficiary or beneficiaries of an Insured Person shall be that person or those persons designated by the Insured Person and filed with the Company.

"Any Insured Person who has not made an irrevocable designation of beneficiary may designate a new beneficiary at any time, without the consent of the beneficiary by filing with the Company a written request for such change, but such change shall become effective only upon receipt of such request at the General Office of the Company. When such request is received by the Company, whether the Insured Person be then living or not, the change of beneficiary shall relate back to and take effect as of the date of execution of the written request, but without prejudice to the Company on account of any payment theretofore made by it."

There is no evidence that Richard C. Turner attempted to effectuate a change of beneficiary in compliance with these provisions; but rather it is asserted that a change of beneficiary took place under the doctrine that when an insured does all that can reasonably be expected under the circumstances to bring about such a change, his purpose will be treated as accomplished.

Evidence was introduced in support of this position to the effect that on a number of occasions the deceased made statements to different individuals, including his wife, that if anything happened to him she would be well taken care of. Some of these statements were apparently made prior to the marriage, though after the policy in question had been taken out. It also appears that Richard Turner was to have entered the army shortly after the date of his death, and he had pointed out the certificate to his wife and advised her that should anything happen to him she "would be well taken care of." However, there was no actual delivery of the certificate to her nor did he tell her that she was the beneficiary. She obtained possession of the certificate after the accident. The deceased had two other insurance policies: One, taken out fifteen days before his death, designated his wife as beneficiary; the other was payable to his estate. Shortly after the accident the parties, in an attempt to ascertain the beneficiary of the policy in question, contacted the deceased's employer.

## CONCLUSIONS OF LAW

The majority of cases support the view that a change in beneficiary can be effected without a strict or complete compliance with the provisions of the policy regarding notice and endorsement. It is usually stated that substantial compliance by the insured with the conditions respecting a change of beneficiary is sufficient. The reason is that the right of the insured to change the beneficiary should be honored whenever possible and should not be defeated by delays, red tape, or mere technicalities. 29A Am.

Jur., Insurance, sec. 1680 (1960). In Union Mut. Life Ins. Co. v. Lindamood, 108 W.Va. 594, 152 S.E. 321, 322 (1930), upon which Della Miller's cause is predicated, it was observed that,

"It is undoubtedly the general rule that the mode prescribed in a life insurance policy for changing the beneficiary must be at least substantially followed. To this general rule, however, exceptions are recognized in the following cases: (1) Where the insurer has waived compliance with the prescribed regulations, or estopped itself to assert noncompliance therewith, (2) Where it is beyond the power of the insured to comply literally with the regulations. (3) Where the insured has done all that he is required to do and only formal ministerial acts on the part of the insured remain to be done in order to complete the change, equity will treat it as having been made. 'Equity will aid in attempted, but incomplete, change of beneficiaries; * * * when the insured in good faith has attempted to comply with the prescribed mode of change. Equity will, in such case, consider that done which ought to have been done, and will not require impossibilities.'"

Plaintiff Della Miller contends that, since the insurer does not contest liability, strict compliance with the policy's change of beneficiary provisions has no application and the controversy should be determined in light of the foregoing equitable principles.

It is certainly natural for a young unmarried man to designate his mother as the beneficiary of his insurance. It is likewise understandable that upon marrying he would in most instances want his wife to receive this protection. This is the normal procedure. It does not necessarily follow, however, that this always happens or that because it usually happens the courts should take it upon themselves to bring it about when, through oversight or inadvertence, the husband has neglected to do it. The mere unexecuted intention to change the beneficiary or the making of statements to the

effect that a person wishes to change the beneficiary, when no affirmative formal steps to accomplish the change are taken, is insufficient. 46 C.J.S. Insurance § 1175 (1946); Anno. 19 A.L.R.2d 45.

An examination of the cases decided subsequent to Union Mut. Life Ins. Co. v. Lindamood, supra, discloses, as was the case therein, that the insured made a positive effort to communicate his desire to change the beneficiary to the insurer or its representative. In Gill v. Provident Life & Accident Ins. Co., 131 W.Va. 465, 48 S.E.2d 165 (1948), the insured made written application to the insurer upon the form provided by it to have the beneficiary changed. On the other hand, in Harmon v. Coyle, 209 F.2d 200 (4th Cir. 1953), the insured acquiesced in the insurer's position as to the conditions necessary to change the beneficiary and consequently the attempted change was considered abandoned. In Equitable Life Assur. Soc. of United States v. Brown, 31 F.Supp. 785 (S.D.W.Va.1940), written requests for a change of beneficiary on forms furnished by insurer, together with the insurance policies, were submitted to the insurer's agent prior to insured's death but received at the Home Office after his death; while in Provident Life & Accident Ins. Co. v. Dotson, 93 F.Supp. 538 (S.D.W.Va.1950), the insured had, on two occasions shortly before his death advised the local agent of his intention to change the beneficiary but was unable to fill out the required forms because they were unavailable at the local agent's office. In Minnesota Mutual Life Ins. Co. v. Rupe, 163 F.Supp. 352 (S.D.W.Va.1958), the insured twice sent requests to the insurer through its agent in an effort to change the original beneficiary. Under such circumstances the courts correctly held in all three instances that there was substantial compliance.

■ Richard Turner took no steps at all, either at his place of work or with the insurer or its agents, to indicate a desire or an intention to change the policy's beneficiary. No cases have been presented to the Court, nor have we located any, in which statements and action as equivocal as those of the insured here have been deemed sufficient to call into play the equitable doctrine of substantial compliance.

■ We are at a loss to see how the statements and action allegedly taken and relied upon can be considered all that a person in similar circumstances could be expected to do. We have no doubt that the ends of justice will be better served by refusing to change insurance beneficiaries under a course of events as dubious as those presently before the Court, even though it may occasionally result in an insured's final wishes being thwarted. To hold otherwise, even where proof justified it, which it does not here, would be to completely disregard the fact that a policy of insurance is a contract, admittedly one-sided, and that any and all benefits must be derived under and through it. To accept plaintiff Della Miller's contention on the evidence presented would have the effect of making it an agreement solely between the beneficiary and the insured—a result for which we find no sanction in law.

## CONCLUSION

■ The result reached upon the facts and the law in this matter is that Goldie Mary Turner was properly designated by Richard C. Turner, her son, to be the beneficiary under the policy involved, and that no effective change of beneficiary, legal or equitable, occurred thereunder prior to the named insured's death. Goldie Mary Turner is accordingly entitled to the proceeds.